A. MARTIN v. GUILFORD COUNTY ET AL.

(Filed 15 June, 1931.)

**Taxation B d—Property purchased by World War veteran with money received from Federal Government is not exempt from taxation by the State.**

Where a veteran of the World War has received money as a benefit under the Federal statute, and has invested it in property in this State subject to taxation, it does not fall within the intent and meaning of the Federal statute excepting the benefit from State or Federal taxation (Title 38, U. S. C. A.), and the question does not arise as to whether Congress has the power to exempt the benefit from taxation by the State, the statute not including within its intent property acquired by investment of the money so received as a benefit, and the veteran having paid his taxes under protest is not entitled to recover it in his action under N. C. Code, 1927 (Michie), 7880(189).

APPEAL by plaintiff from *Finley, J.,* at May Term, 1931, of GUILFORD. Affirmed.

This is an action to recover of the defendants, Guilford County, and W. C. Coble, treasurer of said county, the sum of $23.77.

The said sum of money was paid by plaintiff to the sheriff of Guilford County as taxes levied by said county on property, real and personal, owned by plaintiff, and assessed for taxation for the year 1930, under and pursuant to the laws of this State.

At the time said sum was paid by him, plaintiff notified the sheriff of Guilford County, in writing, that he paid the same under protest. Within thirty days thereafter, plaintiff made demand, in writing, on the defendant, treasurer of Guilford County, for the refund of said sum of money to him. Said sum was not refunded to plaintiff within ninety days after the date of said demand. Having thus complied with the provisions of C. S., 7880(189), plaintiff began this action in the court of a justice of the peace of Guilford County, for the recovery of said sum of $23.77. From the adverse judgment of said court, plaintiff appealed to the Superior Court of Guilford County, where the action was tried, *de novo,* on a statement of facts agreed. These facts are substantially as follows:

Plaintiff and his wife, Bettie G. Martin, are the owners, as tenants by the entirety, of a certain lot of land, located in Guilford County. On 1 April, 1930, the said lot of land, with the improvements thereon, was assessed for taxation by Guilford County, under and pursuant to the laws of this State, at $2,250. The tax levied by Guilford County, on said lot of land for the year 1930, was $22.28.

Plaintiff, a resident of Guilford County, is the owner of an automobile. This automobile was assessed for taxation on 1 April, 1930, at $150. The tax levied by Guilford County on said automobile for the year 1930 was $1.49.

The total amount of the taxes levied by Guilford County, on said lot of land and said automobile for the year 1930, at the rate uniformly levied by said county on all property, real and personal, in said county, was $23.77. This sum was paid by plaintiff to the sheriff of Guilford County under protest. Plaintiff contended that said lot of land and said automobile, having been purchased and paid for by him, in part, with money received from the government of the United States, by virtue of the provisions of the acts of Congress, providing for the relief of veterans of the World War, were exempt from taxation by the State of North Carolina, or by any political subdivision of said State.

Plaintiff is a veteran of the World War. He served as a soldier in the Army of the United States, with the American Expeditionary Forces in France, and is included within the provisions of the acts of Congress for the relief of veterans of the World War. From May, 1925, to May, 1931, plaintiff received from the government of the United States, from time to time, sums of money paid to him by said government, under the provisions of the act of Congress for the relief of veterans of the World War, Parts II, III and IV of Title 38, U. S. C. A. Plaintiff applied these sums of money, or at least part of same, to the payment of the purchase price of said lot of land and of said automobile.

The provisions of the act of Congress, relied on by plaintiff in support of his contention that said lot of land and said automobile are exempt from taxation by Guilford County, under the laws of this State, are as follows:

"*Assignability and exempt status of compensation, insurance and maintenance and support allowances.* The compensation, insurance, and maintenance and support allowance payable under Parts II, III and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III or IV; and shall be exempt from all taxation. Such compensation, insurance and maintenance and support allowance shall be subject to any claims which the United States may have, under Parts II, III, IV and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable.

The provisions of this section shall not be construed to prohibit the assignment by any person to whom converted insurance shall be payable under Part III of this chapter of his interest in such insurance to any other member of the permitted class of beneficiaries." Title 38, U. S. C. A., sec. 454, 7 June, 1924, ch. 320, secs. 22, 43 Stat., 613.

"*Benefits exempt from seizure under process and taxation.* No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary named under Part V of this chapter, no adjusted service certificate, and no proceeds of any loan made on such certificate, shall be subject to attachment, levy, or seizure under any legal or equitable process, or to National or State taxation." Title 38, U. S. C. A., sec. 618, 19 May, 1924, ch. 157, sec. 308, 43 Stat., 125.

Upon consideration of the contention of plaintiff on the facts agreed, the court was of opinion that plaintiff is not entitled to recover of the defendants the sum demanded.

From judgment in accordance with this opinion that plaintiff recover nothing of the defendants by this action, plaintiff appealed to the Supreme Court.

*Austin & Turner for plaintiff.*

*B. L. Fentress, D. Newton Farnell, Jr., and Frazier & Frazier for defendants.*

CONNOR, J. The question of law presented for decision by this appeal is whether property, real or personal, located in this State, and otherwise subject to taxation under its laws, is exempt from such taxation under the laws of the United States, because said property is owned by a veteran of the World War, who purchased and paid for the same with money paid to him by the government of the United States,

under the provisions of the act of Congress for the relief of veterans of the World War. The decision of this question involves, primarily, a construction of the provisions of said act found in sections 454 and 618 of Title 38, U. S. C. A. Whether Congress has the power, under the Constitution of the United States, express or implied, to exempt property in this State from taxation under its laws, need not be discussed or decided, if these sections, properly construed, do not show that Congress had the purpose or intent to exempt such property from taxation under the laws of this State by the enactment of said sections.

This question was considered and decided by the Supreme Court of Kansas in *State ex rel. Smith, Atty.-Gen., v. Board of Commissioners of Shawnee County,* decided on 10 January, 1931, 294 Pac., 915. In that case it was held that corporate securities held by the guardian of the minor children of a deceased veteran of the World War, as assets of the estate of his wards, are not exempt from taxation under the laws of the State of Kansas, because they were purchased and paid for by said guardian with money paid to him by the government of the United States on account of a certificate of war-risk insurance issued to and held by the father of his wards at his death. In the opinion in that case it is said: "We conclude that the intervention of a guardian does not leave the pension funds still in the hands of the government so that they are still 'payable' or 'due' the ward as expressed by 38 U. S. C. A., section 454, so as to exempt them from assignment, execution or taxes, but, when paid to the guardian, the title and possession have both passed from the government, and they are no longer 'payable,' and consequently not entitled to any exemption from taxes under section 454." 38 U. S. C. A., section 618, provided that "no sum payable under this chapter to a veteran or his dependents . . . shall be subject to National or State taxation." After the "sum payable," has been paid to the veteran or his dependents, and invested in property, real or personal, otherwise subject to State taxation, the exemption provided for in section 618, is no longer applicable.

In the instant case the sum of money which was payable to plaintiff as a veteran of the World War, under the act of Congress, as compensation, insurance and maintenance and support allowance, has been paid to him; he has acquired full and unrestricted title to the money, free from any control over the same by the government of the United States; he has invested it, as he had a right to do, in the purchase of a lot of land and an automobile, which are subject to taxation by Guilford County, under the laws of this State.

We think it clear that by the enactment of sections 454 and 618, of Title 38 U. S. C. A., Congress has not undertaken to exercise any control over the property, real or personal, now owned by the plaintiff, and

that said property is not exempt from taxation by Guilford County, under the laws of this State, applicable to said property as well as to all other property in said county.

There is no error in the judgment. Plaintiff having paid the taxes lawfully levied on his property, is not entitled to recover of the defendants the sum so paid. The judgment is

Affirmed.