## In re Robertson

*Vincent A. Baldauf*, for exceptant; *Henry W. Storey, Jr.*, contra.

McCANN, J., January 14, 1932.—John M. Robertson, who has been declared feeble-minded under a decree of this court, had as his guardian the Johnstown Trust Company.

The said John M. Robertson had formerly been a soldier in the United States Army, and money exceeding the sum of $8600 had been paid by the Government of the United States to said guardian, being accumulated monthly compensation insurance and maintenance and support allowance from the Government, with interest thereon, payable to said guardian under the provisions of the World War Veterans' Act of June 7, 1924, 38 U. S. C. § 421, et seq., and the guardian used this money to purchase for the said John Matthew Robertson certain real estate, consisting of a house and lot, in the Seventeenth Ward of the City of Johnstown, Pa., for the sum of $8600, title being taken as follows: "Johnstown Trust Company, guardian of John Matthew Robertson, a lunatic, and Yvette Robertson, wife of said John Matthew Robertson, as joint tenants and not as tenants in common." The deed for this real estate bears date of April 11, 1927, and was properly acknowledged and recorded.

Credit was claimed by the guardian for payment of certain taxes assessed against the real estate referred to above, viz.: "August 6, 1930, John M. Robertson, account of income for payment of personal taxes and sundry expenses (3935) $18; April 30, 1931, W. Winston Davis, city treasurer, for city tax for 1931 (5677) $60.98."

Two questions are presented by the exceptions filed by the United States Veterans' Bureau through its regional attorney at Pittsburgh, Pa., and they are as follows:

"First. Whether real estate purchased with compensation, insurance and maintenance and support allowance, in the hands of a guardian for an alleged incompetent veteran, is exempt from taxation for city, school and county purposes.

"Second. Whether the taxes, so assessed and levied, can properly and legally be paid by the said guardian from compensation, insurance, and maintenance and support allowance in its hands and possession."

We are satisfied, after careful consideration, that both these questions must be answered in the affirmative, namely, that the property of the alleged lunatic is taxable, and that the funds paid to him by the government under the provisions of the World War Veterans' Act may be used in paying his taxes. The power of taxation is an inherent power of the State over all persons and property within its jurisdiction, and it is not a delegated power from the Federal

Government, and it knows no limits except those imposed expressly or by plain implication in the Constitution of the United States: 26 R. C. L. 86, Sec. 63, citing Holmes *v.* Jennison et al., 14 Pet. 540; Thomson *v.* Pacific Railroad, 9 Wall. 579.

A grant of exemption from taxation is never presumed and the burden is on the claimant to establish his right to exemption: 61 C. J. 391, § 395; 37 Cyc. 891, C; and the cases therein cited. Neither the Constitution of Pennsylvania nor any statute of the Commonwealth authorizes such exemption. The provision in the State Consitution referring to taxes is as follows:

"All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, institutions of purely public charity, and real and personal property owned, occupied, and used by any branch, post or camp of honorably discharged soldiers, sailors and marines:" Article nine, section one, as amended November 6, 1923.

"All laws exempting property from taxation, other than the property above enumerated shall be void:" Article nine, section two.

The next point to consider is the effect of the Act of Congress of June 7, 1924, c. 320, Sec. 22 (38 U. S. C. § 454), which is as follows:

"The compensation, insurance and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation."

No Pennsylvania cases have been found construing this Act of Congress; two jurisdictions (Georgia and Arkansas) hold that property purchased with money so derived from the United States Government is exempt from all taxation, and two other jurisdictions (Kansas and North Carolina) hold such property taxable.

In Wilson *v.* Sawyer, 177 Ark. 492, 6 S. W. (2d) 825 (1928), it is held that money of this character coming into the hands of a disabled soldier cannot be attached; and in Rucker, Tax Collector, *v.* Merck, 172 Ga. 793, 159 S. E. 501 (1931), the court held that property purchased with money derived from this source is not taxable under the state laws.

In the case of Martin *v.* Guilford County et al., 201 N. C. 63, 158 S. E. 847, it was held·that the property so purchased by the disabled veteran with funds obtained from the United States Government, under the act in question, was not exempt from taxation. The same was held in Lambert *v.* Guilford County et al., 201 N. C. 67, 158 S. E. 849.

We are of the opinion that the best considered cases are in line with the view that property of this kind is subject to taxation, and also that the money in the hands of a guardian obtained from the Federal Government, as in this case, may be applied to the payment of taxes upon the real estate so purchased. This is no hardship at all; the beneficiary of the fund has already received the full protection of the Government and is cared for. Any other construction, in our opinion, would be unsound. See Minnick *v.* McDonald, 1 Pa. C. C. 191, and the opinion expressed by Judge Barnett in his charge to the jury.

## Decree

And now, January 14, 1932, after due consideration, the exceptions to the account of the guardian in the above-entitled case are overruled.