The order of Pless, Jr., J., indicates the controversy, and is as follows:
"This cause coming on to be heard before J. Will Pless, Jr., Resident Judge of the 18th Judicial District, on the return date, and being heard upon the application of J. Harvey Carpenter, guardian of John Carrier, for the continuance of the restraining order heretofore issued, and being heard, and it appearing to the court, and the court finding as a fact that the plaintiff, Curley Bryant, has obtained judgment in the Superior Court of Rutherford County against the defendant John Carrier in the sum of $1,500 (this judgment has been affirmed — see opinion at this term), on account of the alleged alienations of the affections and criminal conversation with the wife of said Bryant, and said cause is now pending on appeal to the Supreme Court of North Carolina; the defendant having filed no supersedeas bond to stay execution thereon, that the plaintiff has caused execution to issue; and
"It further appearing to the court, and the court finding as a fact, that the defendant, John Carrier, is a World War veteran and that he is the owner of United States bonds of the principal value of $8,397 and of promissory notes of the face value of $3,997, which are investments *Page 175 
made for him by his guardian from the proceeds of moneys paid to him by the United States Government on account of his disability incurred and insurance in the World War.
"The defendant invokes section 454 and section 454-a, Title 38, U.S.C.A., and contends that under the terms thereof, the property above referred to is exempt from execution, which contention is denied by the plaintiff.
"The court is of the opinion and so holds that the property above referred to now constitutes an investment and has lost its character as `payment of benefit,' and is, therefore, subject to execution upon the facts herein presented and found.
"Upon said holdings, the court dissolves the injunction, having first required that the plaintiff give a justified bond in the sum of $2,000, to be approved by the clerk of the Superior Court of Rutherford County, to indemnify the defendant for any loss he may sustain upon the execution sought, in the event it shall be hereafter determined that said property is exempt from execution.
"It is now, therefore, ordered, adjudged and decreed that the restraining order heretofore issued be, and the same is hereby dissolved, and the plaintiff is authorized to proceed with execution as he may be advised.
"This order, however, is subject to the requirement and condition that before said execution shall be levied that the plaintiff shall file with the clerk of the Superior Court of Rutherford County justified bond in the sum of $2,000 to be approved by said clerk, providing that in the event it shall hereafter be determined that the properties sold under execution were exempt therefrom, that the plaintiff will reimburse immediately the defendant for all moneys received by virtue of said execution, together with interest thereon and costs. This 24 August, 1938.
 J. WILL PLESS, JR., Resident Judge of the 18th Judicial District."
The defendants excepted and assigned error as follows: "(1) The court committed error in holding that the Government bonds and notes set forth in the inventory filed by J. Harvey Carpenter, which is shown and referred to as Investments, are subject to execution. (2) That the court committed error in dissolving the injunction theretofore issued for the reason that said assets and property of the defendant, John Carrier, appellant, is not subject to execution under and by virtue of sections 454 and 454-a of Title 38, U.S.C.A., said statute exempting said assets from sale under execution. (3) That the court erred in denying the appellants' motion to continue the restraining order in said cause and in dissolving the same."
Defendants appealed to the Supreme Court. *Page 176 
The question involved: Are investments in negotiable notes and in United States bonds purchased with "payments of benefits" under the laws relating to World War veterans, exempt from execution on a judgment against the veteran? We think not.
The defendant John Carrier is a World War veteran, and owns United States bonds in the principal amount of $8,350, and promissory notes of the face value of $3,997. These are investments made for the defendant by his guardian from the proceeds of money paid to him by the United States Government on account of his disability incurred and insurance in the World War. These bonds and notes are shown as investments in the report of the guardian of the defendant, filed with the clerk of the Superior Court of Rutherford County on 15 February, 1938. The investments are set forth in the pleadings.
What is said in United States v. Hall, 98 U.S. at p. 346, is well worth repeating: "Power to grant pensions is not controverted, nor can it well be, as it was exercised by the states and by the Continental Congress during the War of the Revolution; and the exercise of the power is coeval with the organization of the government under the present Constitution, and has been continued without interruption or question to the present time. . . . (p. 350). Such laws had their origin in the patriotic service, great hardship, severe suffering, and physical disabilities contracted while in the public service by the officers, soldiers, and seamen who spent their property, lost their health, and gave their time for their country in the great struggle for liberty and independence, without adequate or substantial compensation . . . (p. 351). Bounties may be offered to promote enlistments, and pensions to the wounded and disabled may be promised as like inducements. Past services may also be compensated, and pensions may also be granted to those who were wounded, disabled, or otherwise rendered invalids while in the public service, even in cases where no prior promise was made or antecedent inducement held out." Hinton v. State Treasurer,193 N.C. 496 (508).
The power of Congress to exempt from taxation and creditors is not questioned. The court below held that "the property above referred to now constitutes an investment and has lost its character as `payment of benefit,' and is, therefore, subject to execution upon the facts herein presented and found."
What is the Federal law on the subject? The former act of 1924, Federal Statute 38, U.S.C.A., sec. 454, reads as follows: "Assignability and exempt status of compensation, insurance, and maintenance and support allowances. The compensation, insurance, and maintenance *Page 177 
and support allowance payable under Parts II, III and IV, respectively, shall not be assignable; shall not be subject to the claim of creditors of any person to whom an award is made under Parts II, III or IV; and shall be exempt from all taxation. Such compensation, insurance, and maintenance and support allowance shall be subject to any claims which the United States may have, under Parts II, III, IV, and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable."
The 1935 Act, sec. 454-a, Title 38, U.S.C.A., has the following language: "Assignability and exempt status of payments of benefits. Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. Such provisions shall not attach to claims of the United States arising under such laws nor shall the exemption herein contained as to taxation extend to any property purchased in part or wholly out of such payments."
In the case of Trotter v. Tennessee, 290 U.S. 354, 78 L.Ed., 358
(1933), the facts were: A veteran in Tennessee purchased land with money received from the United States Government as compensation for his services in the World War. The State of Tennessee sought to tax this property. The Supreme Court of the United States held that when the veteran invested his money in land, the money lost its identity as money, and lost its immunity under the statute. At page 360, L.Ed., Mr. Justice Cordoza, writing for the Court, says: "The moneys payable to this soldier were unquestionably exempt till they came into his hands or the hands of his guardian. McIntoshv. Aubrey, 185 U.S. 122, 46 L.Ed., 834, 22 S.Ct., 561. We leave the question open whether the exemption remained in force while they continued in those hands or on deposit in a bank. CF. McIntosh v. Aubrey, supra;State ex rel. Smith v. Shawnee County, 132 Kan. 233, 294 P. 915; Wulsonv. Sawyer, 177 Ark. 492, 6 S.W.2d 825, and Surace v. Danna,248 N.Y., 18, 24, 25, 161 N.E. 315. Be that as it may, we think it very clear that there was an end to the exemption when they lost the quality of moneys and were converted into land and buildings. The statute speaks of `compensation, insurance, and maintenance and support allowance payable' to the veteran, and declares that these shall be exempt. We see no token of a purpose to extend a like immunity to permanent investments or the fruits or business enterprises. Veterans who choose to trade in land or in merchandise, in bonds, or in shares of stock, must pay their tribute to the state. If immunity is to be theirs, the statute *Page 178 
conceding it must speak in clearer terms than the one before us here. The judgment of the Supreme Court of Tennessee disallowing the exemption has support in other courts. State v. Wright, 224 Ala. 357, 140 So. 584;Martin v. Guilford County, 201 N.C. 63, 158 S.E. 847, 76 A.L.R., 978. There are decisions to the contrary, but we are unable to approve them.Rucker v. Merck, 172 Ga. 793, 159 S.E. 501; Atlanta v. Stokes,175 Ga. 201, 165 S.E. 270; Payne v. Jordan, 36 Ga. App. 787,138 S.E. 262. Our ruling in Spicer v. Smith, 288 U.S. 430,77 L.Ed., 875, 53 S.Ct., 415, 84 A.L.R., 1525, leaves no room for the contention that the exemption is enlarged by reason of payment to the guardian instead of payment to the ward. The judgment is affirmed."
It will be noted in the Trotter case, supra, a similar decision of this Court was upheld. Martin v. Guilford County, 201 N.C. 63, 76 A.L.R., 978.
In State Hospital v. Bank, 207 N.C. 697 (708), it was held: "Under the statute as construed by the Supreme Court of the United States and by this Court, the contention of the defendant cannot be sustained. The estate of Earl N. Betts, consisting of securities now held by his guardian, is subject to the claim of the plaintiff in this action, notwithstanding the fact that such securities were purchased by his guardian with moneys paid to them by the United States Government as compensation awarded under the Act of Congress to the said Earl N. Betts as a veteran of the Army of the United States." The Trotter, Martin, and Hospital cases, supra, undoubtedly sustain the liability of the veteran.
In Lawrence v. Shaw, 300 U.S. 245, 81 L.Ed., 623 (1936), decided under the 1935 Act, upon an appeal from the Supreme Court of North Carolina, Mr. Chief Justice Hughes, writing for the Court, says, at page 626, L.Ed.: "The World War Veterans' Act, 1924, provided that the compensation and insurance allowances should be `exempt from all taxation.' The Act of 1935 is more specific, providing that the payments shall be exempt from taxation and shall not be liable to process `either before or after receipt by the beneficiary.' There was added the qualification that the exemption should not extend `to any property purchased in part or wholly out of such payments.' This more detailed provision was substituted for that of the earlier act and was expressly made applicable to payments theretofore made. We think it clear that the provision of the later act was intended to clarify the former rather than to change its import and it was with that purpose that it was made retroactive."
In the Lawrence, case, supra, the Court says, at page 626, L.Ed. (Vol. 81): "In Trotter v. Tennessee, 290 U.S. 354, 78 L.Ed., 358, 54 Supreme Court, 138, supra, we considered the provisions of paragraph *Page 179 
22 of the World War Veterans' Act, 1924, in relation to investments by the guardian of an incompetent veteran of the moneys received from the Government for compensation and insurance. We held that land purchased by the guardian with such moneys was not exempt. We said: `The statute speaks of "compensation, insurance, and maintenance and support allowance payable" to the veteran, and declares that these shall be exempt. We see no token of a purpose to extend a like immunity to permanent investments of the fruits of business enterprises. Veterans who choose to trade in land or in merchandise, in bonds or in shares of stock, must pay their tribute to the State.'" The Court continues, on page 627, L.Ed.: "The provision of the Act of 1935 that the exemption should not apply to property purchased out of moneys received from the Government shows the intent to deny exemption to investments, as was ruled in the Trotter case. It is of course true that deposits in bank may be made under special agreement by which the deposits assume the character of investments and would lose immunity accordingly. No such agreement is shown here. Nor are the bank balances shown to be the proceeds of investments. They are stipulated to be `uninvested balances' of the Government payments. . . . We hold that the immunity from taxation does attach to bank credits of the veteran or his guardian which do not represent or flow from his investments but result from the deposit of the warrants or checks received from the Government when such deposits are made in the ordinary manner so that the proceeds of the collection are subject to draft upon demand for the veteran's use. In order to carry out the intent of the statute, the avails of the Government warrants or checks must be deemed exempt until they are expended or invested. The answer by the state court is broad enough to cover bank deposits of that sort and we consider the ruling in that application to be contrary to the Federal statute."
We think that it is clear from the holding of the Supreme Court of the United States, in Lawrence v. Shaw, supra, that the Court intends to lay down the rule that investments of a World War veteran are subject to taxation, and to the claims of the veteran's creditors. This being so, the investments of the defendant in this case are clearly subject to the execution issued upon plaintiff's judgment. A case directly in point isMcCurry v. Peek, 54 Ga. App. 341, 187 S.E. 854 (1936).
To stretch the United States statute of 1935 to cover the facts in this case, as found by the court below, would lead us into chaos. When the investments are bona fide made and a novation takes place, taxes attach and creditors have a right to collect their just debts. We hardly think that the noble, heroic veterans would have it otherwise.
For the reasons given, the judgment of the court below is
Affirmed. *Page 180