**ESTATE OF OEI TJONG SWAN, Oei Ing Tjhing, Executor, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 243, Docket 24397.

United States Court of Appeals Second Circuit.

Argued May 7, 1957.

Decided July 29, 1957.

Harry J. Rudick and Mason G. Kassel, New York City (Lord, Day & Lord, New York City, of counsel), for petitioner.

Charles K. Rice, Assistant Attorney General, Hilbert P. Zarky and L. W. Post, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before CHASE, HINCKS and LUMBARD, Circuit Judges.

LUMBARD, Circuit Judge.

The issue in this case is whether assets in bank accounts in this country in the name of two foreign family foundations are includible in the estate of the nonresident alien who founded and controlled them, and who, at the time of his death, was not engaged in business in the United States, under § 862(b) of the Internal Revenue Code of 1939 (now Internal Revenue Code of 1954, § 2104 (b), 26 U.S.C.A. § 2104(b)), or whether the moneys deposited are exempt under § 863(b) of the Internal Revenue Code of 1939 (now Internal Revenue Code of 1954, § 2105(b), 26 U.S.C.A. § 2105 (b)).

In 1939 decedent Oei Tjong Swan, a resident and citizen of the Netherlands, established two family foundations in Liechtenstein and Switzerland to provide for his children. These foundations were called the Yan and Kien Stiftungs respectively. Under the terms of the foundations' charters, decedent had sole and unlimited management and control over the funds. Although the foundations were created to provide for his children, the decedent, without anyone else's consent, could withdraw moneys and amend or terminate the foundations at any time. These foundations have characteristics which are similar in some respects to those of a corporation, and in other respects to those of a trust.

The funds of Yan Stiftung were deposited in the Guaranty Trust Co. The funds of the Kien Stiftung were deposited in the New York Trust Co. The Tax Court found that the decedent was "authorized on his sole signature to withdraw funds of the Stiftungs." At the same time the decedent also had funds in the United States in personal accounts in the same banks.

In May 1940 Germany invaded Holland. The decedent was then in Brussels, Belguim and his family was in Holland. While attempting to return to Holland he was apprehended and placed in an

internment camp in Southern France. Shortly thereafter, he was released in the custody of his brother-in-law, Dr. Wellington Koo, who was then the Chinese Ambassador to Vichy, France. In August and September 1940, decedent instructed the two New York banks to transfer all the funds in his personal accounts at the two banks to the Stiftung accounts. Accordingly, on September 20, 1940 the New York Trust Co. transferred $634,218.10 from his personal account to the Kien Stiftung account, thus closing out the personal account. There was an undisclosed amount in securities in this latter account which was also transferred to the Yan Stiftung account. Similarly, decedent's personal account with the Guaranty Trust Co. was closed on February 1, 1941 with the transfer of $545,448.34 in cash and an undisclosed amount in securities to the Yan Stiftung account. It is alleged that these transfers were solely for the decedent's benefit, because he was afraid that the money in his personal account would be taken over by the Netherlands occupation government, and that at no time did he believe that he was making a permanent transfer to the two Stiftungs.

During 1941 five withdrawals totalling $2,500 were made by the decedent from the Yan Stiftung account for his personal use. In 1943 the decedent died in Holland. At that time the Yan Stiftung had on deposit a cash balance of $1,039,072.20 and securities having a fair market value of $543,772.26. The Kien Stiftung had a cash balance of $648,884.-

98 and securities with a fair market value of $192,131.25. The Commissioner seeks to include all of these assets, totalling $2,423,867.69, in the gross estate as property within the United States within the meaning of § 862(b) of the 1939 Code which reads:

"For the purpose of this subchapter * * * any property of which the decedent has made a transfer, by trust or otherwise, within the meaning of section 811(c) or (d), shall be deemed to be situated in the United States, if so situated either at the time of the transfer, or at the time of the decedent's death."[1]

At issue before us is an estate tax deficiency of over $600,000.00.

In the Tax Court the taxpayer contended that these Stiftungs were more similar to corporations than to trusts, and that § 811(d) did not apply. The Tax Court held against him on this issue.

■ The taxpayer argued also, and this is his main argument on appeal, that the cash on deposit should not be considered property within the United States under the specific exemption for bank deposits of § 863(b) of the 1939 Code, which provides:

"The following items shall not, for the purpose of this subchapter, be deemed property within the United States.

\* \* \* \* \* \*

"(b) Bank deposits. Any moneys deposited with any person carry-

---

1. "§ 811. Gross estate

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States— * * *

"(c) Transfers in contemplation of, or taking effect at, death.

\* \* \* \* \*

"(d) Revocable transfers

"(1) Transfers After June 22, 1936. To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona-fide

sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death; * * *" 26 U.S.C.A. § 811(c), (d) (1).

ing on the banking business, *by or for* a nonresident not a citizen of the United States who was not engaged in business in the United States at the time of his death." [Emphasis added.]

The Tax Court rejected this contention. It interpreted the phrase "by or for" to mean "for the benefit of," and held that since these Stiftungs were established not for his benefit but for the benefit of his children, the fact that he had complete control over the funds in the Stiftungs was not determinative. We agree with the taxpayer's contention that § 863(b) is applicable to the cash deposits.[2]

1. *The nature of the Stiftungs.*

■ The first question is whether the cash and securities totalling $2,423,867.-69 in the Stiftung accounts come within the general category of property within the United States under § 862(b) of the Internal Revenue Code of 1939.

Taxpayer argues that the Stiftungs should be treated as foreign corporations and that transfers to them are therefore not within § 811(d). He points to such characteristics, *inter alia,* as (1) perpetual existence; (2) the capacity to engage in business; (3) treatment as a separate juridical entity under the applicable foreign law; and (4) being taxed solely on their own income.

The Tax Court disagreed and concluded that the Stiftungs should be treated more like revocable trusts because they were created by the decedent in order to provide for his children; further, that in any event, regardless of how the Stiftungs are classified, taxability followed from the decedent's power to alter, amend and revoke the transfer.

■ We agree with this conclusion of the Tax Court. Sections 862(b) and 811(d) are not limited to trust arrangements but expressly refer to the broad category of all "revocable transfers," as shown by the specific references to "a transfer * * * by trust or otherwise." As the Tax Court rightly observed, § 811(d) is directed at transfers which are valid under state law but in which the taxpayer has retained control over the ultimate enjoyment of the property up to the date of his death. Where this control exists, the value of the property is includible in the estate regardless of any unique or unusual mode of transfer that may be devised.[3]

2. *Exemption under § 863(b).*

We disagree, however, with the Tax Court's conclusion that the exemption provided by § 863(b) for the cash de-

---

**2.** To support his claim that none of the assets, neither securities nor cash, are includible in the decedent's gross estate, taxpayer also argues that all the assets in both Stiftungs, securities as well as cash, were vested in the Netherlands Government by virtue of a decree issued by the Netherlands-Government-in-Exile, thereby precluding inclusion of the assets in the decedent's gross estate. However, on brief taxpayer states, "If this Court finds for the petitioner on any or all of the questions heretofore presented [e. g., the interpretation of the "by or for" clause in § 863(b)], the petitioner is willing to forego burdening the Court with the alternative questions which are: * * * Were the assets of the Stiftungs and the assets of the decedent at the date of the decedent's death vested in the State of the Netherlands, as represented by the Government-in-Exile located in London so as to preclude the value of such assets from being included as part of the decedent's gross estate for United States estate tax purposes?" Brief for the Petitioner pp. 7, 8. Since we hold for the taxpayer on the interpretation of § 863(b), we need not pass on that alternate contention.

**3.** The fact that a Stiftung has been considered as a separate juridical entity for income tax purposes, cf. Aramo-Stiftung v. Commissioner, 2 Cir., 1949, 172 F.2d 896, does not militate against the Tax Court's conclusion. The policies underlying choice of the taxable entity in the income tax area are quite different from the policies involved in the problem of whether certain transfers ought to be included in the gross estate. Indeed, the issue of the taxability of the Stiftung as a separate entity was not discussed by the Court in Aramo-Stiftung v. Commissioner, supra.

posits of $1,687,957.18 is inapplicable. The Court held that the taxpayer had not shown that the deposits were made for the benefit of the decedent, rather than for the benefit of the Stiftungs, and, impliedly, that unless the deposits were for the benefit of the decedent, § 863(b) did not apply.

 The statute, however, uses the words "by" and "for" in the alternative. The plain meaning of this usage seems to us to be that when money is deposited either by a non-resident for the benefit of himself or a third person, or by a third person for the benefit of a non-resident, exemption is available if all the other requirements are satisfied.

This plain meaning is reinforced by the policy underlying the exemption which was and is to encourage non-residents to use American banks as depositories for their funds by assuring them that such funds would not be taxed merely because technically present in this country. See H.R.Rep. No. 1432, 67th Cong., 1st Sess. 25 (1921). Denying the exemption to a non-resident depositor does more violence to this policy than denying the exemption to a non-resident beneficiary, to whom the Tax Court would restrict the exemption, since it is the depositor who decides whether or not to deposit the funds in an American rather than a foreign bank, and he would probably be deterred more by a tax on himself than on the beneficiary.

There is nothing in the precedents which compels or even justifies a contrary decision. The many cases cited by the Tax Court all dealt with whether, in the varying circumstances of those cases, the deposit was actually *for* the non-resident, and whether a deposit *by* a non-resident decedent was exempt from the depositor's estate was not at issue or discussed. See, e.g., Estate of F. Herman Gade, 1948, 10 T.C. 585; Estate of Elizabeth H. Davey, 1948, 10 T.C. 515; Estate of Anna Floto De Eissengarthen, 1948, 10 T.C. 1277; Estate of Karl Weiss, 1946, 6 T.C. 227.

City Bank Farmers Trust Co. v. Pedrick, 2 Cir., 1948, 168 F.2d 618, relied on by the Tax Court and the Commissioner, is not relevant for in that case the deposit was not by the non-resident decedent but by a resident trustee. See D.C.S.D.N.Y.1947, 69 F.Supp. 517, 518.

Finally, although as a general rule exemptions and deductions are to be strictly construed, that general rule of construction must bow to clear statutory language and policy. Thus our language in City Bank Farmers Trust Co. v. Pedrick, 168 F.2d at page 619, that "as an exemption section we look at * * * [§ 863(b)] jealously," has no application in this context where both language and policy clearly indicate a generous construction. Trotter v. Tennessee, 1933, 290 U.S. 354, 356, 54 S.Ct. 138, 78 L.Ed. 358.

Reversed and remanded for further proceedings as to the cash deposits and affirmed as to the securities.