United States Court of Appeals,

Fifth Circuit.

No. 95-10604

Summary Calendar.

In The Matter of Walter G. SILLS;  Joyce K. Sills, Debtors.

Walter G. SILLS;  Joyce K. Sills, Appellants,

v.

UNITED STATES of America, DEPARTMENT OF TREASURY;  Internal Revenue Service, Appellees.

May 3, 1996.

Appeal from the United States District Court for the Northern District of Texas.

Before JOLLY, JONES and STEWART, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Walter G. Sills and his wife, Joyce K. Sills, debtors in a Chapter 13 bankruptcy case, appeal the district court's affirmance of the bankruptcy court's judgment in favor of the Internal Revenue Service (the "IRS") in an adversary proceeding challenging the validity of a tax lien attached to the Sills' house. The Sills purchased the house with workers' compensation proceeds from an injury sustained by Walter Sills. We affirm.

I

In 1990, Walter Sills received $180,000 in workers' compensation proceeds as a result of injuries suffered from a fall while working on an oil platform. The Sills used the proceeds to make several purchases, including a house in Dallas County, Texas. On September 9, 1991, the IRS filed a notice of federal tax lien

1

("NFTL") on the Sills' house in the office of land records of Dallas County, listing the following federal tax and penalty liabilities against Walter Sills:

| Kind of Tax | Tax Period Ended | Date of Assessment | Unpaid Balance |
|---|---|---|---|
| 6672 | 12/31/83 | 09/02/85 | $ 2,001.06 |
| 1040 | 12/31/80 | 10/13/86 | 15,204.31 |
| 1040 | 12/31/81 | 02/23/87 | 14,863.23 |
| 1040 | 12/31/86 | 10/13/86 | 10,312.59 |

_____

On September 12, 1991, the Sills filed a petition in bankruptcy for relief under Chapter 7 of the Bankruptcy Code. In January 1992, the case was converted to a proceeding under Chapter 13. The IRS filed an amended proof of claim in the bankruptcy proceeding asserting a secured claim for the unpaid taxes and the penalty specified in the NFTL, and additional penalties and interest.[1] The Sills objected to the IRS' proof of claim and commenced an adversary proceeding challenging the IRS's lien. The parties filed a stipulation of facts in which the Sills agreed "with the Income taxes, interest and penalties for 1980, 1981, 1983." The Sills contended, *inter alia,* that (1) the portion of the lien for Walter Sills' 1983 tax year liability was invalid because it erroneously indicated that the liability was for the 1986 tax year and (2) the tax lien was invalid or unenforceable

_____

[1]The IRS sought to assert its claim only against Walter Sills' one-half interest in the house, which he owned as community property with his wife.

2

because property purchased with workers' compensation benefits is exempt from levy under I.R.C. § 6334(a)(7). They also claimed that the IRS was required to release the lien pursuant to I.R.C. § 6325(a)(1), or discharge the property from the lien pursuant to I.R.C. § 6325(b)(2)(B), because the lien was invalid or unenforceable.

The bankruptcy court ultimately ruled that the Sills were barred from challenging the validity of the portion of the lien for 1983 taxes because of their stipulation concerning income tax liability for 1983. It also ruled that Walter Sills' interest in the house the Sills purchased with his workers' compensation proceeds was not exempt from levy under I.R.C. § 6334(a)(7).[2]

On appeal, the district court affirmed the bankruptcy court's holding that the house was not exempt from levy. In a separate opinion issued in response to the Sills' motion for reconsideration, the district court noted that it had omitted discussion of the Sills' claim regarding the validity of the tax lien for the 1983 tax liability. The district court ruled that the bankruptcy court committed error when it viewed the Sills' stipulation on Walter Sills' 1983 tax liability as a stipulation on the validity of that portion of the tax lien. The district court held, however, that the error in the NFTL was a "minor defect in the notice" and thus did not render the tax lien for that year

---

[2]The court analogized from two Supreme Court decisions concerning tax levies involving proceeds from the World War Veterans' Act. *See Trotter v. State of Tennessee,* 290 U.S. 354, 54 S.Ct. 138, 78 L.Ed. 358 (1933); *Lawrence v. Shaw,* 300 U.S. 245, 57 S.Ct. 443, 81 L.Ed. 623 (1937).

void.  The Sills filed a timely notice of appeal.

II

A

We initially address whether that portion of the NFTL covering Walter Sills' liability for the 1983 tax year constitutes a "properly filed" notice of a tax lien under section 522(c)(2)(B) of the Bankruptcy Code.[3]  The district court's holding that the NFTL constituted a proper filing under § 522(c) is reviewable *de novo*.  *Matter of Walden*, 12 F.3d 445, 448 (5th Cir.1994).  The Sills argue that the NFTL did not constitute a "properly filed" notice of the Walter Sills' tax liability stemming from the 1983 tax year because the NFTL incorrectly identified 1986 as the tax year giving rise to the liability.

Section 6323 of the Internal Revenue Code states that a lien shall not be valid "as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary."  I.R.C. § 6323(a) (1994).  Subsection (f) provides, *inter alia,* that "[t]he form and content of the notice ... shall be prescribed by the Secretary."  I.R.C. § 6323(f) (1994).  The applicable IRS regulation requires that the lien

---

[3]Property that the debtor elects to exempt from the bankruptcy estate pursuant to 11 U.S.C. § 522 is not liable during or after the case for any debt that arose before the commencement of the case.  An exception to this rule is for "a tax lien, notice of which is properly filed."  11 U.S.C. § 522(c)(2)(B) (1994).  The Sills apparently have elected to exempt the house from the bankruptcy estate under 11 U.S.C. § 522(d)(10)(C).

4

specify: (1) the taxpayer, (2) the tax liability giving rise to the lien, and (3) the date that the assessment arose. 26 C.F.R. § 301.6323(f)-1(d)(2) (1995). Although the NFTL at issue in this case incorrectly identified 1986, instead of 1983, as the tax year of the liability giving rise to the lien, the NFTL was filed in the proper place and correctly identified the taxpayer, the property and its location, the amount owed, and the date of the assessment. We agree with the district court that such a minor defect in the notice is insufficient to render it void. *See Richter's Loan Co. v. United States,* 235 F.2d 753, 755 (5th Cir.1956); *In re Cennamo,* 147 B.R. 540, 543 (Bankr.C.D.Cal.1992) ("The purpose of the NFTL is to give constructive notice, and where there is such notice, a minor defect in filing will be overlooked").

B

We now consider the validity of the tax lien on the house in the light of the fact that the Internal Revenue Code exempts from levy "any amount payable to an individual as workmen's compensation." I.R.C. § 6334(a)(7) (1994). The Sills' underlying theory of the case is that, because of the § 6334(a)(7) exemption from levy, the house has no value to the IRS and, thus, the house meets the criteria for discharge from the lien under I.R.C. § 6325(b)(2)(B),[4] or, alternatively, that the underlying tax liability is unenforceable and, thus, the lien meets the criteria

---

[4] "[T]he Secretary may issue a certificate of discharge of any part of the property subject to the lien if the Secretary determines at any time that the interest of the United States in the part to be so discharged has no value." I.R.C. § 6325(b)(2)(B) (1994).

5

for release under I.R.C. § 6325(a)(1).[5]  The Sills argue that the district court erred in affirming the bankruptcy court's judgment that the exemption from levy under § 6334(a)(7) does not extend to property purchased for maintenance and support with workers' compensation proceeds.

We need not determine the reach of the exemption provided by § 6334(a)(7).  *See Sojourner T. v. Edwards,* 974 F.2d 27, 30 (5th Cir.1992) (court may affirm judgment on any basis supported by the record), *cert. denied,* 507 U.S. 972, 113 S.Ct. 1414, 122 L.Ed.2d 785 (1993).  As the courts have held in *United States v. Barbier,* 896 F.2d 377 (9th Cir.1990), and *Matter of Voelker,* 42 F.3d 1050 (7th Cir.1994), whether property is exempt from levy is not determinative of the validity or enforceability of a tax lien on property.  The court in *Barbier* explained that a lien "is merely a security interest and does not involve immediate seizure" whereas a levy "operates as a seizure by the IRS."  896 F.2d at 379.  The court further explained, "A lien enables the taxpayer to maintain possession of protected property while allowing the government to preserve its claim should the status of the property later change."  *Id.*  The court concluded, "Reading sections 6334 and 6321 together leads to the conclusion that the former section is a limitation on the government's ability forcibly to seize the taxpayer's property, but not a bar to the government's ability to assert a security

---

[5]"[T]he Secretary shall issue a certificate of release of any lien ... not later than 30 days after the day on which [t]he Secretary finds that the liability ... has become legally unenforceable."  I.R.C. § 6325(a)(1) (1994).

interest in such property."  *Id.*

Even if the Sills' house were exempt from levy, the tax lien still may be valid and enforceable.  For example, the IRS may enforce the lien by foreclosure action under I.R.C. § 7403;  it may seek to have its lien satisfied in proceedings, instituted by third parties, in which the IRS is brought pursuant to 28 U.S.C. § 2410; or it may exercise redemption rights provided by I.R.C. § 7425(d) if another party forecloses on the property.  The Sills' arguments that the lien has no value, necessitating discharge of the property under § 6325(b)(2)(B), or that the underlying tax liability is unenforceable, necessitating release of the lien under § 6325(a)(1), are thus meritless.[6]

### III

For the foregoing reasons, we AFFIRM the judgment of the district court.

AFFIRMED.

---

[6]The Sills' alternative claim under section 502(b)(1) of the Bankruptcy Code that the tax liabilities are not an allowable claim because the tax lien is "unenforceable" is also meritless.