TROTTER, GUARDIAN, v. TENNESSEE.

No. 79. Argued November 14, 1933.—Decided December 4, 1933.

*Mr. Russell R. Kramer* for petitioner.

*Mr. Sam Johnson,* with whom *Mr. James G. Johnson* was on the brief, for respondent.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

The question is whether lands in Tennessee purchased by the guardian of a veteran with moneys received from the United States for the use of the disabled ward are subject to taxation.

Joseph A. Leake became mentally incompetent by reason of his service in the army during the World War. Since May, 1922, the United States Government has paid compensation to his guardian at the rate of $100 a month in accordance with the provisions of Part II of the World War Veterans Act (38 U.S.C., §§ 471, *et seq.*), and disability benefits at the rate of $57.50 a month under a policy of War Risk Insurance in accordance with the provisions of Part III of the same act. 38 U.S.C., §§ 511, *et seq.* On June 3, 1924, the guardian purchased land and buildings in Blount County, Tennessee, paying therefor $2,500 in cash out of the moneys theretofore received from the Government, $2,000 in promissory notes, which have been paid out of later moneys derived from the same source, and $1,500 by assuming the payment of a mortgage, which has been discharged by the use of the proceeds of fire insurance covering one of the buildings. State and county taxes assessed upon the land for the year 1929 are in arrears with interest and penalties. The State

of Tennessee, the respondent here, brought suit in the Chancery Court to declare the tax a lien enforcible by a sale. The guardian and his ward answered that by force of the federal statutes the land was exempt. The Chancellor sustained the defense and dismissed the complainant's bill. The Supreme Court of Tennessee reversed, and directed the Court of Chancery to award judgment to the State. 165 Tenn. 519; 57 S.W. (2d) 455. The case is here on certiorari.

By the World War Veterans Act, " The compensation, insurance and maintenance and support allowance payable under Parts II, III and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III or IV; and shall be exempt from all taxation." Act of June 7, 1924, c. 320, § 22, 43 Stat. 613; 38 U.S.C., § 454: cf. 38 U.S.C., § 618.

Exemptions from taxation are not to be enlarged by implication if doubts are nicely balanced. *Chicago Theological Seminary* v. *Illinois*, 188 U.S. 662, 674. On the other hand, they are not to be read so grudgingly as to thwart the purpose of the lawmakers. The moneys payable to this soldier were unquestionably exempt till they came into his hands or the hands of his guardian. *McIntosh* v. *Aubrey*, 185 U.S. 122. We leave the question open whether the exemption remained in force while they continued in those hands or on deposit in a bank. Cf. *McIntosh* v. *Aubrey, supra; State* v. *Shawnee County Comm'rs*, 132 Kan. 233; 294 Pac. 915; *Wilson* v *Sawyer*, 177 Ark. 492; 6 S.W. (2d) 825; and *Surace* v. *Danna*, 248 N.Y. 18, 24, 25; 161 N.E. 315. Be that as it may, we think it very clear that there was an end to the exemption when they lost the quality of moneys and were converted into land and buildings. The statute speaks of " compensation, insurance, and maintenance and support allowance payable " to the veteran, and declares that these shall be

exempt. We see no token of a purpose to extend a like immunity to permanent investments or the fruits of business enterprises. Veterans who choose to trade in land or in merchandise, in bonds or in shares of stock, must pay their tribute to the state. If immunity is to be theirs, the statute conceding it must speak in clearer terms than the one before us here.

The judgment of the Supreme Court of Tennessee disallowing the exemption has support in other courts. *State* v. *Wright,* 224 Ala. 357; 140 So. 584; *Martin* v. *Guilford County,* 201 N.C. 63; 158 S.E. 847. There are decisions to the contrary, but we are unable to approve them. *Rucker* v. *Merck,* 172 Ga. 793; 159 S.E. 501; *Atlanta* v. *Stokes,* 175 Ga. 201; 165 S.E. 270; *Payne* v. *Jordan,* 36 Ga. App. 787; 138 S.E. 262.

Our ruling in *Spicer* v. *Smith,* 288 U.S. 430, leaves no room for the contention that the exemption is enlarged by reason of payment to the guardian instead of payment to the ward.

The judgment is

*Affirmed.*