CITY COUNCIL OF AUGUSTA *et al. v.* RANSOM.

No. 10076. JULY 12, 1934.

*J. Paul Stephens,* for plaintiff in error. *Rodney S. Cohen,* contra.

BECK, P. J. Ransom brought his petition praying for injunction against the City Council of Augusta and O. B. Palmer, sheriff thereof. The petitioner alleged that he had purchased certain property in the City of Augusta with funds which had been paid to

him by the United States Government as compensation for disability incurred while in the military service during the World War, and that he had furnished the proper authorities with evidence of the truth of the same, and the authorities refused to recognize his claim for exemption from taxation, and were about to levy upon the property described in the petition. He prayed that the property be adjudged as exempt from all taxes. The defendants filed their answer; and when the matter came on for a hearing the defendants offered what is called an amendment to their answer. This was disallowed by the court. The defendants excepted to that ruling, and to the judgment rendered in favor of the plaintiff, insisting that the error of the court in disallowing their "amendment" entered into the final judgment.

The court erred in disallowing what is called an amendment to the defendants' answer. This, while termed an amendment to the answer, does not allege any facts additional to those in the answer, but sets up numerous reasons why the exemption claimed by the petitioner can not be sustained, and is in fact a general demurrer to the petition. The court should not have overruled it, but should have sustained it on the legal grounds taken therein. The judge no doubt based his judgment on the cases of *Rucker* v. *Merck,* 172 *Ga.* 793 (159 S. E. 501), and *City of Atlanta* v. *Stokes,* 175 *Ga.* 201 (165 S. E. 270). We have been requested to overrule those decisions; but it is not necessary to do so, as they were not unanimous opinions by a full bench. There was a dissenting opinion in each of them; and they are without authority in view of the decision in Trotter *v.* Tennessee, 290 U. S. 354 (54 Sup. Ct. 138, 78 L. ed. 128). The conclusion in regard to the exemption claim announced in the Federal case is directly opposed to the rulings in the cases of *Merck* and *Stokes,* cited above. It is proper to say that the decision by the Federal Supreme Court had not been rendered at the time the trial court in the present case made the ruling which is reversed by this decision.

*Judgment reversed. All the Justices concur.*