24888. LILES *v.* MULFORD COMPANY.

DECIDED FEBRUARY 25, 1936.

*A. G. Liles, C. W. Cain,* for plaintiff in error.

*T. Glenn Dorough, Hope & Fox,* contra.

BROYLES, C. J. A common-law fi. fa. in favor of H. K. Mulford Company was levied on an automobile as the property of H. D. Liles, who filed an affidavit of illegality alleging that the automobile was paid for with compensation money received by him as a World War veteran, and therefore was not subject to levy and sale under the fi. fa. On the trial in the justice's court the plaintiff in fi. fa. tendered the execution together with the entry of levy thereon. The defendant in fi. fa. testified, over objection, that the automobile levied on was purchased with moneys received by him from the United States Government under claim No. C-1730630. The plaintiff in fi. fa. moved the court to dismiss the affidavit of illegality on the ground that it set up no valid defense, which motion was overruled. The court passed an order dismissing the levy. The plaintiff carried the case by certiorari to the superior court, where the judge sustained the certiorari, holding that the property was subject to the execution, and ordering that the levy proceed. To this judgment the defendant excepted.

Section 454 of title 38 of U. S. C. A. provides: "The compensation, insurance, and maintenance and support allowance payable under Parts 2, 3 and 4, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts 2, 3 or 4; and shall be exempt from all taxation." It will be noted that the section is worded with particularity, and deals exhaustively with the subject intended to be covered; and the exemption applies only to compensation, insurance, and allowance, or, in other words, to moneys. The statute makes no exemption of, or reference to, properties in which the moneys have been invested. It will be noted further that the inhibition as to claims of creditors and as to taxation is the same. This being true, by analogy, if property purchased with such moneys is subject to taxation, it is likewise subject to claims of creditors. It is well settled that "where one purchased certain property in this State with funds which had been paid him by the United States Government as compensation for disability incurred while in the military service during the World War, this property

is not exempt from taxation by the municipal authorities of the city in which it is located." *City Council of Augusta* v. *Ransom,* 179 *Ga.* 179 (175 S. E. 497). In the opinion in that case the court declared that the cases of *Rucker* v. *Merck,* 172 *Ga.* 793 (159 S. E. 501), and *City of Atlanta* v. *Stokes,* 175 *Ga.* 201 (165 S. E. 270), both of which are cited by plaintiff in error in the instant case), "are without authority in view of the decision in Trotter *v.* Tennessee, 290 U. S. 354 (54 S. E. 138, 78 L. ed. 128)." The opinion in the Trotter case, so cited and followed by the Georgia Supreme Court, says: "We think it very clear that there was an end to the exemption when they lost the quality of·moneys and were converted into lands and buildings. The statute speaks of 'compensation, insurance, and maintenance and support allowance payable' to the veteran, and declares that these shall be exempt. *We see no token of a purpose to extend a like immunity to permanent investments or the fruits of business enterprises.* Veterans who choose to trade in land or in merchandise, in bonds or in shares of stock, must pay their tribute to the State. If immunity is to be theirs, the statute conceding it must speak in clearer terms than the one before us here." (Italics ours.) See also 2nd headnote to that case. The ruling in the Trotter case is controlling in the case at bar; and the mere fact that the automobile was purchased with compensation money received by a World War veteran, would not exempt it from levy under an execution in favor of a creditor. Indeed, to hold otherwise would conflict with the purpose of the statute and militate against the interest of veterans, because (on a business basis) it would impair their credit and curtail their business enterprises in using the money received by them as compensation. Business concerns would be reluctant to extend credit to, or accept deferred payments by, a veteran on the purchase of an automobile, home, or other property, if they knew the veteran could defeat the collection of their debt by pleading the payment of compensation money for such property; and thus the use and benefit of the veteran's compensation money would be greatly limited.

The court did not err in sustaining the certiorari, in finding the property subject to the execution, and in directing the levying officer to proceed.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*