## 25628. McCURRY *v.* PEEK.

DECIDED OCTOBER 15, 1936.

*B. B. Zellars, A. S. Skelton,* for plaintiff in error.

*Hugh & Carey Skelton,* contra.

MacIntyre, J. The question for determination in this case is whether land purchased with the "payment of benefits" under the laws relating to world-war veterans shall be exempted from the claims of creditors, and shall not be liable to attachments, levy, or seizure, by or under any legal or equitable process whatever. In McIntosh *v.* Aubrey, 185 U. S. 122, 124 (22 Sup. Ct. 561, 46 L. ed. 834), the court held that the property which had been purchased with the pension money was exempt from seizure and sale on execution, under section 4747 of the Revised Statutes of the United States, as follows: "No sum of money due, or to become due, to any pensioner shall be liable to attachment, levy, or seizure by or under any legal or equitable process whatsoever, whether the same remains with the pension office, or any officer or agent thereof, or is in the course of transmission to the pensioner entitled thereof, but shall enure wholly to the benefit of such pensioner." In *Liles* v. *Mulford Co.,* 52 *Ga. App.* 674 (184 S. E. 396), it was held, under section 454 of title 38, U. S. C. A., that a world-war veteran's automobile was not exempt from levy, notwithstanding the automobile was purchased with compensation the veteran received from the Federal government. Section 454 is as follows: "The compensation, insurance, and maintenance and support allowance payable under parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under parts II, III, or IV; and shall be exempt from all taxation. Such compensation, insurance, and maintenance and support allowance shall be subject to any claims which the United States may have, under parts II, III, IV, and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable." Both of the above-cited sections were expressly repealed by section 3 of the act of Congress approved August 12, 1935, as follows: "Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of

creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. Such provisions shall not attach to claims of the United States arising under such laws, nor shall the exemption herein contained as to taxation extend to any property purchased in part or wholly out of such payments. Section 4747 of the Revised Statutes and section 22 of the world-war veterans' act, 1924, are hereby repealed, and all other acts inconsistent herewith are hereby modified accordingly. The provisions of this section shall not be construed to prohibit the assignment by any person, to whom converted insurance shall be payable under title III of the world-war veterans' act, 1924, of his interest in such insurance to any other member of the permitted class of beneficiaries." It is under this 1935 act of Congress that the plaintiff in error claims that the real estate which he purchased with "payment of benefits" received by him from the Federal government is exempt from levy. Section 4747 (which has been repealed) seems to have been restricted to money due and to be due, and not to money received, or to real estate purchased with the pension money. In discussing this section the Supreme Court of the United States said, in McIntosh *v.* Aubrey, supra: "It is not that pension money shall be exempt from attachment in all of its situations and transmutations. It is only to be exempt in one situation, to wit, when 'due or to become due.' From that situation the pension money of plaintiff in error had departed. The simplicity and directness of the statute are impaired by attempts to explain it by the use of other terms than its own. That money received is not money due, and that real estate is not money at all, would seem, if real distinctions be regarded, as obvious enough without explanation." And the court held that the property purchased with pension money is liable to seizure as opportunity presents itself.

Section 3 of the act of August 12, 1935, which repealed section 4747, applies to "payment of benefits" due and to become due, such as payments of compensation, adjusted compensation, pensions, emergency officers retirement pay, or insurance under any act administered by the veteran's administration, etc., and makes these payments immune from levy or seizure by any legal or equitable process, not only before (as stated in repealed section 4747)

344

but also after receipt. The act of 1935 speaks of "payment of benefits" to veterans, and declares they shall be exempt before or after receipt by the beneficiary. What is exempt under this last act? The "payment of benefits," and in this case the "payment of benefits" was made in money, and the money even after its receipt by the beneficiary was exempt, and the beneficiary might have used the money in any manner, for his own benefit and to secure the comfort of his family, free from attacks of creditors. But when the beneficiary uses this money to buy real estate, the money paid as a benefit under the world-war act loses its quality and identity, and is transmuted into real estate, and there is an end to the exemption. Should the veteran choose to trade in land, he does so at his own risk, and his land is liable to levy in like manner as the lands of other persons. The mere fact that the real estate was purchased with the "benefit payments" received by the war veteran would not exempt the real estate from levy under an execution. In the first sentence of section 3 of the act of 1935 there is an exemption from taxation, and an exemption from the claims of creditors, and there is a statement that the payment of benefits "shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatsoever, either before or after receipt by the beneficiary." There is no such exemption upon any other property, even though the property be purchased out of the "payment of benefits." It was therefore unnecessary to provide further, in the next sentence of the 1935 act, that the exemption therein contained shall not as to taxation extend to any other property purchased in part or wholly out of said payments. This last provision must have been incorporated therein as a matter of precaution, to make matters doubly sure that such property purchased with "benefit payments" was subject to taxation. In writing the second sentence of the third section of the act of 1935, the framers of the act seem to have had in mind only the relationship of the government or governments to the "benefit payment," and were not attempting to deal with any other claims: and a failure to mention other claims does not signify anything with reference to them. Under section 3 of the act of Congress approved August 12, 1935, the world-war veteran's real estate was not exempt from levy, notwithstanding the real estate

was purchased with "benefit payments" received from the United States.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*