## WILLIAMS v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 7233.

United States Court of Appeals for the District of Columbia.

Decided Aug. 7, 1939.

Ashby Williams, Julian I. Richards, and Lowry N. Coe, all of Washington, D. C., for appellant.

Louis M. Denit and Thomas Searing Jackson, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

STEPHENS, Associate Justice.

The appellant is a disabled emergency officer of the World War receiving retired pay under the Act of May 24, 1928, 45 Stat. 735, 38 U.S.C.A. § 581, and the Act of March 20, 1933, 48 Stat. 8, 38 U.S.C.A. § 701 et seq. He became a judgment debtor of the appellee. The latter, in an attempt to satisfy the judgment, caused a writ of attachment and garnishment to be served upon the Liberty National Bank, which answered that it was indebted to "Ashby Williams, Atty., checking account—Balance $53.90." The appellee moved for a judgment of condemnation. The appellant opposed by an affidavit to the effect that the sole source of the balance [1] at the time of the attachment was checks for retired pay. This was not disputed. He relied upon Section 3 of the Act of August 12, 1935, 49 Stat. 609, 38 U.S.C.A. § 454a, providing:

"Sec. 3. Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. Such provisions shall not attach to claims of the United States arising under such laws nor shall the exemption herein contained as to taxation extend to any property pur-

[1] Except for forty cents, concerning which no question was raised in the case.

chased in part or wholly out of such payments. Section 4747 of the Revised Statutes and section 22 of the World War Veterans' Act, 1924, are hereby repealed, and all other Acts inconsistent herewith are hereby modified accordingly. . . ."
Judgment of condemnation was nevertheless entered by the District Court. This appeal was then taken.

In Trotter v. Tennessee, 1933, 290 U. S. 354, 54 S.Ct. 138, 78 L.Ed. 358, the Supreme Court held, under a statute[2] not materially different, so far as the question in the instant case is concerned, from the one here involved, that lands purchased with moneys received from the United States for the use of a disabled veteran were not exempt from local taxation. The theory of the Court was that, when converted into lands, the funds lost the quality of moneys. The Court said:
"The statute speaks of 'compensation, insurance, and maintenance and support allowance payable' to the veteran, and declares that these shall be exempt. We see no token of a purpose to extend a like immunity to permanent investments or the fruits of business enterprises. . . ." [290 U.S. at pages 356, 357, 54 S.Ct. at page 139, 78 L.Ed. 358]
This decision, however, expressly left open the question "whether the exemption remained in force while they [the moneys] continued in those [the veteran's] hands or on deposit in a bank." That question was answered in Lawrence v. Shaw, 1937, 300 U.S. 245, 57 S.Ct. 443, 81 L.Ed. 623, 108 A.L.R. 1102, where a veteran's bank deposits representing government compensation and insurance checks were held exempt from local taxation. The case was decided under the statute involved in the instant case. The Supreme Court said:
"As the immunity from taxation is continued after the payments are received, the usual methods of receipt must be deemed available so that the amounts paid by the Government may be properly safeguarded and used as the needs of the veteran may require.
". . . In order to carry out the intent of the statute, the avails of the government warrants or checks must be deemed exempt until they are expended or invested." [300 U.S. at pages 250, 251, 57 S.Ct.

at page 445, 81 L.Ed. 623, 108 A.L.R. 1102.]
We think the instant case is governed by Lawrence v. Shaw and that the trial court therefore erred in entering a judgment against the appellant.

The appellee urges that by the use of the word "Atty." the appellant "put the funds which he received in an account for use in the practice of his profession" and thus "expended" or "invested" them within the rule in Trotter v. Tennessee as much as if they had been "devoted to the acquisition of an automobile, or any other property." The cases cited by the appellee do not support his contention that the use of the word "Atty." distinguishes the instant case from Lawrence v. Shaw. In Shippee v. Commercial Trust Co., 1932, 115 Conn. 326, 161 A. 775, it was decided that the funds held by the guardian of a disabled veteran could not be considered held by the United States so as to be entitled to preferential distribution from the assets of an insolvent bank. There is a dictum in the case to the effect that the "statute protects pension money from attachment so long as it remains due to the pensioner, but not after it has been actually paid over, and has come into his possession." But this was said in reference to an earlier statute[3] which provided for no exemption after the money had been received. Guardianship of Gardner, 1936, 220 Wis. 493, 264 N.W. 643, arose under this same earlier statute. In State v. Wright, 1932, 224 Ala. 357, 140 So. 584, and in McCurry v. Peek, 1936, 54 Ga.App. 341, 187 S.E. 854, the funds received had been invested in land; in Liles v. H. K. Mulford Co., 1936, 52 Ga.App. 674, 184 S.E. 396, the funds had been invested in an automobile. These three cases are therefore clearly within Trotter v. Tennessee.

The appellee also urges that he who claims an exemption bears the burden of establishing it. Assuming this proposition, it means no more than that one who seeks an exemption must show that he is as a matter of fact within the class which is as a matter of law exempt. Here the facts are without dispute as to the source of the funds, and we think that as a matter of law the use of the word "Atty." upon the account does not take the case out of Lawrence v. Shaw by converting the funds into "investments or the fruits of

---

[2] Act of June 7, 1924, § 22, 43 Stat. 613, 38 U.S.C.A. § 454.

[3] Rev.Stat. § 4747 (1874), 38 U.S.C.A. § 54.

business enterprises" within Trotter v. Tennessee. The word "Atty." is mere *descriptio personæ*.

Reversed.