JAMES, APPELLEE, *v.* JAMES, APPELLANT, ET AL.

(No. 337—Decided April 27, 1942.)

*Mr. E. B. Wetherill* and *Mr. C. W. Schwemer,* for appellee.

*Mr. Fred Markley,* for appellant.

GUERNSEY, J.  This is an appeal upon questions of law from a judgment of the Court of Common Pleas of Hardin county, Ohio.

The plaintiff, Pearle Cleo James, filed her petition in the Court of Common Pleas of Hardin county, Ohio, against the defendant, Harry James, and others, alleging that on September 2, 1941, she recovered a judgment in the Court of Common Pleas of Hardin county, Ohio, in case No. 23576, granting her a divorce from the defendant; that an order was made by the court setting off the real estate described in the petition to the defendant, Harry James; that judgment was rendered by the court in plaintiff's favor in the sum of $275 payable as alimony and property settlement; and that the payment thereof was made a lien

upon the real estate jointly owned by the plaintiff and defendant prior to the judgment of September 2, 1941.

In her petition plaintiff further alleged that this judgment remains unsatisfied and in full force and effect, and that the several other defendants named in the petition have or claim to have liens on the real estate.

The prayer of the petition is that the defendants, other than Harry James, be required to answer and set forth their respective claims upon such real estate or be forever barred; that the real estate be sold upon execution to satisfy plaintiff's lien thereon; and that the proceeds arising from such sale be applied to the payment of the various liens on the real estate in the order of their priority, and for such other and further relief as equity in its course may require.

To this petition the defendant, Harry James, filed his amended answer in which he alleged that he served as a soldier in the World War and was wounded in the service and as a result thereof is now and has been for a number of years disabled and totally unable to pursue or follow any gainful occupation; that he received adjusted service compensation (bonus) from the United States Government for his services as a soldier; and that for a number of years past he has received disability compensation from the United States Government on account of his disabilities.

He further alleged that he is a widower paying alimony for the support of minor children and that the real estate described in plaintiff's petition herein consists of house and lot and is his homestead and residence.

He further alleged that the proceeds of his adjusted service certificate were delivered by him to Pearle Cleo James, his wife, for the use and benefit of this answering defendant; that the premises described in plaintiff's petition were purchased by Pearle Cleo James

from Randall Clark and Vera Clark for the sum of $1,250; that out of this fund (adjusted service compensation money) Pearle Cleo James paid amounts aggregating the sum of $370.93 on the real estate: and that amounts aggregating $580 were paid on the real estate from the disability compensation allowance aforesaid of the defendant, Harry James.

The defendant in his amended answer further alleged that the amounts above mentioned, paid from his adjusted service compensation (bonus) and from his disability compensation allowance, as aforesaid, are preferred claims against the premises, after taxes and mortgages, and that the amounts are and should be declared to be exempt and not subject to levy, execution or seizure under any legal or equitable process.

The prayer of the amended answer is that the premises described in the petition be set off to him as his homestead and exempt from execution or other process, and in case that cannot be done that the sum of $500 in lieu thereof be set off to him as exempt out of the proceeds of any sale of the premises; that in addition thereto the amounts paid into the premises from his adjusted service compensation (bonus) and from his disability compensation allowance be set off to him as exempt out of the proceeds of any sale thereof; further that he be allowed and there be set off to him any and all other exemptions and allowances to which he may be entitled; and for such other and further relief to which he may be entitled.

To this amended answer the plaintiff filed a demurrer upon the ground that the amended answer does not set forth facts which entitle the defendant to the relief demanded.

This demurrer to the amended answer was sustained, and defendant, Harry James, not desiring to plead further, judgment was entered as prayed for by plaintiff in her petition and as prayed for in the pleadings

of the defendants other than the defendant, Harry James, he not having filed any pleadings other than his answer and amended answer to the petition of Pearle Cleo James.

It is from this judgment that this appeal is taken.

It is contended by the defendant, Harry James, that this judgment is contrary to law.

He does not argue in his brief that the court erred in holding that he was not entitled to homestead exemption or exemption in lieu of homestead, upon the facts with reference to his claim thereto, pleaded in his amended answer, and an inspection of the statutes with reference to homestead exemptions and exemptions in lieu of homestead discloses that the allegations of the petition with reference to his status do not bring him within the class of those entitled to homestead exemptions or in the class of those entitled to exemption in lieu of homestead, so the court did not err in sustaining the demurrer of the plaintiff to the amended answer, so far as an allowance for homestead or allowance in lieu of homestead is concerned.

We will next consider whether the court erred in sustaining the demurrer to the amended answer, insofar as the allegations thereof relate to the amounts paid by him out of his bonus compensation and disability money on the purchase price of the real estate described in the petition and his claim to exemption and priority by reason thereof.

Whatever exemption the defendant Harry James may be entitled to on account of payments made on the real estate described in the petition, out of disability allowance paid him by the government, is derived from and based upon the provisions of Title 38, Section 454a, U. S. Code, reading as follows:

"Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating

to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. Such provisions shall not attach to claims of the United States arising under such laws nor shall the exemption herein contained as to taxation extend to any property purchased in part or wholly out of such payments.''

And such exemption as he may be entitled to by reason of the application of his adjusted service compensation, to the purchase price of the real estate described in the petition is derived from and based upon the provisions of Title 38, Section 618, U. S. Code, reading as follows:

''No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary named under subchapter V of this chapter, no adjusted-service certificate, and no proceeds of any loan made on such certificate shall be subject to attachment, levy, or seizure under any legal or equitable process, or to national or state taxation, and no deductions on account of any indebtedness of the veteran to the United States shall be made from the adjusted-service credit or from any amounts due under this chapter.''

Under the first section mentioned it will be noted that payments of benefits made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure, by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

It will be noted that under the second section mentioned, no sum payable under this chapter (being Chapter 11 of Title 38) to a veteran or his dependents, or to his estate, or to any beneficiary named under subchapter V of this chapter, no adjusted service certifi-

cate, and no proceeds of any loan made on such certificate shall be subject to attachment, levy or seizure under any legal or equitable process.

It will be noted that under both of these sections the right to exemption from attachment, levy, or seizure upon any legal or equitable process, is to all intents and purposes the same.

After an exhaustive search we have found only one case upon the question as to whether the exemption provided for in these sections extends to realty purchased with the proceeds of disability benefits or the proceeds of adjusted service compensation. This case relates to benefit payments under Title 28, Section 454a, U. S. Code, but as the exemption provisions in Sections 454a and 618 are, as above stated, identical to all intents and purposes, the rule pronounced necessarily applies to payments received by a soldier under either section. The case referred to is that of *McCurry v. Peek,* decided by the Court of Appeals of Georgia, Division No. 1, on October 15, 1936, and reported in 54 Ga. App., 341, 187 S. E., 854, the syllabus of which is as follows:

"1. The exemption from levy provided by section 3 of the act of Congress approved August 12, 1935, relating to World War veterans in respect to 'payment of benefits,' does not extend to real estate purchased with such 'benefit payment' received from the United States by a veteran as 'benefit payment.'

"2. World War veteran's real estate *held* not exempt from levy, notwithstanding it was purchased with 'benefit payments' received from the federal government."

The following statement appears in the opinion in this case:

"The act of 1935 speaks of 'payment of benefits' to veterans, and declares they shall be exempt before or after receipt by the beneficiary. What is exempt un-

der this last act?   The 'payment of benefits,' and in this case the 'payment of benefits' was made in money, and the money even after its receipt by the beneficiary was exempt, and the beneficiary might have used the money in any manner, for his own benefit and to secure the comfort of his family, free from attacks of creditors.   But when the beneficiary uses this money to buy real estate, the money paid as a benefit under the World War act loses its quality and identity, and is transmuted into real estate, and there is an end to the exemption.   Should the veteran choose to trade in land, he does so at his own risk, and his land is liable to levy in like manner as the lands of other persons. The mere fact that the real estate was purchased with the 'benefit payments' received by the war veteran would not exempt the real estate from levy under an execution.''

In *Liles* v. *Mulford Co.,* 52 Ga. App., 674, 184 S. E., 396, it was held, under Title 38, Section 454, U. S. Code, that a World War veteran's automobile was not exempt from levy, notwithstanding the automobile was purchased with compensation the veteran received from the federal government.

At that time Section 454, which was repealed at the time Section 454*a* was adopted, read in part as follows:

''The compensation, insurance and maintenance and support allowance payable under Parts II, III and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III or IV; and shall be exempt from all taxation.''

We adopt the reasoning upon which the decisions in the last-mentioned cases are based, and accordingly hold that the proceeds of the adjusted service compensation and disability benefits, through their investment in the real estate in the manner alleged in

the amended answer, lost their identity and character as exempt funds under the provisions of the U. S. Code. Consequently the court did not err in sustaining the demurrer to the amended answer, insofar as the right of the defendant to the exemption of real estate from seizure and his right to priority for his claim upon the proceeds thereof are concerned. However, we do not predicate our decision as to the propriety of the action of the court in sustaining the demurrer to the amended answer, solely upon the grounds mentioned. There is a further ground which is applicable both to claims of homestead exemption and the claims to exemption under the provisions of the U. S. Code above mentioned, alleged in the amended answer.

The pleadings in this case show that the court, in the divorce case between the parties to this case referred to in the petition, upon granting the divorce adjudged alimony to the wife, the plaintiff in this case, and settled her property rights and those of her husband, the defendant herein. See comment of Judge Spear in his opinion in the case of *DeWitt* v. *DeWitt,* 67 Ohio St., 340, 342 *et seq.,* 66 N. E., 136.

The judgment referred to, as shown by the allegations of the petition which are not denied in the amended answer and are therefore admitted to be true, specifically charged the land adjudged to him, with a lien in the sum of $275 in her favor to secure the payment of the amount adjudged her for alimony and in settlement of her property rights, lessening as between him and her, his interest in the land to that extent, and resulting in the creation of a priority in her favor accordingly.

In this adjudication the court necessarily considered and adjudicated the rights of the defendant to homestead or other exemptions in the property charged with the lien, and the judgment operates as an adjudi-

cation that as against this lien of plaintiff the defendant has no right to homestead or other exemptions. *Haven* v. *Trammell, Sheriff,* 79 Okla., 309, 193 P., 631; 17 American Jurisprudence 490, Section 642.

For the reasons hereinbefore mentioned, no facts are pleaded in the amended answer which would entitle the defendant to any exemptions against, or priority over, the lien of plaintiff in the real estate, or constitute a defense to the cause of action set forth in the petition, and, upon the sustaining of the demurrer, the defendant not desiring to plead further, the court did not err in entering the judgment it entered. That judgment will therefore be affirmed.

*Judgment affirmed.*

KLINGER, P. J., concurs.

CROW, J. concurring. The judgment of this court affirming that of the trial court is, in my opinion, correct on the one ground of *res judicata* inasmuch as the lien established for the $275 could have been fully enforced in the divorce case upon making all other persons in interest parties to the action and selling the land as is usual in a suit to foreclose a lien.

The judgment of this court is, in the opinion of the presiding judge and this writer, in conflict with the judgment in the case of *Bank of Greenville* v. *Hoblit,* 41 Ohio App., 126, 179 N. E., 812, largely relied on by appellant, and the instant case is accordingly certified by us to the Supreme Court of Ohio, pursuant to Section 6, Article IV of the Constitution of Ohio.