Zimmerman, J.
 

 The guardian contends on this appeal :
 

 (1) That the motion to strike from the files the original motion of C. E. Amend in the Probate Court for the reason that the same was not properly verified should have been sustained;
 

 (2) That the Probate Court had no jurisdiction of the proceedings; and
 

 (3) That not only the checking account but the savings account and the real estate belonging to the ward were immune from the claims of creditors.
 

 With respect to the first two grounds of complaint, the guardian insists there is no authority in law for the verification of the'motion by Amend’s attorney in the manner it was done, and that Sections 10506-86 and 10506-87, General Code, providing for the enforcement of a judgment against a fiduciary by petition and citation, constitute the proper mode of procedure.
 

 Under Section 11351, General Code, a motion must be subscribed by the party or his attorney, but need not ordinarily be verified. In the event a motion by reason of its form requires verification, and the verification is improper or defective, a court possesses the authority to permit amendment.
 

 Assuming the motion complained of should have been verified by Amend, or by his attorney upon a statement that the facts were within the personal knowledge of the latter, the guardian came into court in response to the summons on the motion, participated fully in the hearing and registered the sole objection that the motion was improperly verified. Under these circumstances, the Probate Court acquired jurisdiction of her person. And there can be no doubt that the court also had general jurisdiction over the subject matter of the proceeding.
 

 
 *606
 
 The record does not disclose that the guardian challenged the jurisdiction of the Probate Court on the ground that Sections 10506-86 and 10506-87, General Code, had not been complied with in that court. This subject was introduced for the first time in the Court of Appeals, and that court properly determined that the failure of the guardian to make the question in the court of origin, after having submitted herself to the jurisdiction of the court, precluded her from advancing it as an error in a reviewing court. 2 Ohio Jurisprudence, 203, Section 183.
 

 We find no irregularities in this branch of the case of such a prejudicial nature as to warrant a reversal.
 

 Next comes the question of whether the described property of the ward is subject to the claim of the judgment creditor.
 

 tinder the World War Veterans’ Relief Act of 1935, Title 38, Chapter 10, Section 454a, U. S. Code, it is provided:
 

 “Payments of benefits [including government pensions and war risk insurance] due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. Such provisions shall not attach to claims of the United States arising under such laws nor shall the exemption herein contained as to taxation extend to any property purchased in part or wholly out of such payments.”
 

 • In considering the question of the exemption of the real property of a war veteran from taxation and in affirming the judgment of the Supreme Court of Tennessee disallowing a claimed exemption, Mr. Justice Cardozo rendering the opinion in the case of
 
 Trotter, Gdn.,
 
 v.
 
 Tennessee,
 
 290 U. S., 354, 356, 78 L. Ed., 358, 360, 54 S. Ct., 138, said:
 

 
 *607
 
 “The moneys payable to this soldier were unquestionably exempt till they came into his hands or the hands of his guardian * * * . We leave the question open whether the exemption remained in force while they continued-in.those hands or on deposit in a bank * * *. Be that as it may, we think it very clear that there was an end to the exemption when they lost the quality of moneys and were converted into land and buildings.”
 

 A few years later the same court had occasion to decide the case of
 
 Lawrence, Gdn.,
 
 v.
 
 Shaw,
 
 300 U. S., 245, 81 L. Ed., 623, 57 S. Ct., 443, and it was there held that bank deposits, representing proceeds from government checks or warrants, subject to draft upon demand standing in the name of the veteran’s guardian, should be treated as if money in his hands and were exempt from taxation.
 

 In the course of the opinion, Mr. Chief Justice Hughes remarked:
 

 “The provision of the Act of 1935 that the exemption should not apply to property purchased out of the moneys received from the Government, shows the intent to deny exemptions to investments, as was ruled in the
 
 Trotter case.
 
 It is of course true that deposits in bank may be made under a special agreement by which the deposits assume the character of investments and would lose immunity accordingly. No such agreement is here shown.”
 

 Still later came the case of
 
 Carrier
 
 v.
 
 Bryant,
 
 306 U. S., 545, 83 L. Ed., 976, 59 S. Ct., 707, in which it was decided that investments in the form of negotiable, notes and United States bonds purchased out of benefits paid by the government and held by the guardian of a veteran were not exempt from execution on a judgment obtained against the veteran.
 

 From these decisions of the highest federal court interpreting federal law, it is clear that in the case at bar the checking account in the bank is exempt frorni
 
 *608
 
 the payment of Amend’s claim, but that the real estate is not. The inquiry remains as to whether the savings account at interest should be classed as an investment amenable to the demand of the judgment creditor.
 

 An “investment” as that word is commonly -used and understood is the placing of capital or laying out of money in a way intended to secure income or profit from its employment.
 
 State
 
 v.
 
 Gopher Tire & Rubber Co.,
 
 146 Minn., 52, 177 N. W., 937, 938;
 
 Drake et al., Trustees,
 
 v.
 
 Crane,
 
 127 Mo., 85, 103, 29 S. W., 990, 994, 27 L. R. A., 653, 658. And under Section 10506-41, General Code, the deposit of funds by a fiduciary in a savings account in a national bank located in the state of Ohio or a state bank located in and organized under the laws of the state of Ohio is classed as an investment.
 

 It is therefore our conclusion that both the real estate and the savings account of the ward are subjeef to the satisfaction of Amend’s judgment, and that the judgment of the Court of Appeals should stand affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Bell and Turner, JJ., concur.
 

 . Williams, J., not participating.