**AETNA CASUALTY AND SURETY COMPANY, Plaintiff**

v.

**Harry Clifford PORTER, Defendant.**

**Civ. A. No. 57-57.**

United States District Court
District of Columbia.

July 14, 1960.

See also 181 F.Supp. 81.

Ethelbert B. Frey, Washington, D. C., for plaintiff.

John L. Laskey, Dyer J. Taylor, Washington, D. C., for defendant.

YOUNGDAHL, Judge.

Plaintiff has a judgment against the defendant in the amount of $16,459.72 and has issued attachments and moved for judgment of condemnation as to the following bank accounts which are in the name of the defendant's committee, Ethelbert B. Frey:

| | |
|---|---|
| Prudential Building Association | $3,078.63 |
| Columbia Federal Building Association | 5,791.20 |
| First National Bank | 2,266.61 |

The two building association accounts draw interest; the First National account is a checking account and draws no interest.

Defendant's committee asserts that these accounts result from the payment of veteran's benefits; 38 U.S.C. § 3101 disallows execution on such benefits; and therefore defendant's motion to quash the attachments must be granted and plaintiff's motion for judgment of condemnation denied.

38 U.S.C. § 3101 reads, in pertinent part:

"(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. The preceding sentence shall not apply to claims of the United States arising under such laws nor shall the exemption therein contained as to taxation extend to any property purchased in part or wholly out of such payments. \* \* \* \*"

The question presented by this case is whether the exemption applies to these accounts or, whether the accounts are "property purchased in part or wholly out of such payments", rendering the exemption unavailable.[1]

---

1. Plaintiff has also contended that the moneys in First National are commingled exempt and nonexempt funds. Whether the plaintiff will contend, after considering this opinion, that any of the funds are not exempt is unclear from the

In Trotter v. State of Tennessee, 1933, 290 U.S. 354, 54 S.Ct. 138, 78 L.Ed. 358, the Supreme Court held that lands purchased with veterans' benefit payments were subject to taxation, the benefits having lost their exempt status when they were "converted into land and buildings". 290 U.S. at page 356, 54 S.Ct. at page 139.

In Lawrence v. Shaw, 1937, 300 U.S. 245, 57 S.Ct. 443, 81 L.Ed. 623, the Court held that the deposit of veterans' benefits in a bank did not thereby render the funds nonexempt.

"These payments are intended primarily for the maintenance and support of the veteran. To that end neither he nor his guardian is obliged to keep the moneys on his person or under his roof." 300 U.S. at page 250, 57 S.Ct. at page 445.

Accordingly, it has been held in this Circuit that a checking account is exempt. Williams v. United States Fidelity & Guaranty Co., 1939, 71 App.D.C. 9, 107 F.2d 210. Is a savings account in a building association exempt?

In Carrier v. Bryant, 1939, 306 U.S. 545, 59 S.Ct. 707, 83 L.Ed. 976, the Supreme Court was asked to decide whether negotiable notes and United States bonds purchased with veteran's benefits by a veteran's guardian were exempt from execution on a judgment against the veteran.[2] The Court held the property subject to execution, quoting from the Lawrence case to the effect that

" * * * The provision of the Act of 1935 that the exemption should not apply to property purchased out of the moneys received from the Government shows the intent to deny exemption to *investments* as was ruled in the Trotter Case." 306 U.S. at page 550, 59 S. Ct. at page 709, quoting from 300 U. S. at page 250, 57 S.Ct. at page 445 (emphasis supplied).

The plaintiff has seized upon this word "investment", pointed to Local Rule 23–II–a [3] and concluded that the defendant's funds are "investments" and therefore not exempt under 38 U.S.C. § 3101.

But as Mr. Justice Holmes has instructed us:

"A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." Towne v. Eisner, 1918, 245 U.S. 418, 425, 38 S.Ct. 158, 159, 62 L.Ed. 372.

And see International Stevedoring Co. v. Haverty, 1926, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157. Because our Local Rules speak of a deposit in a savings and loan association or a building association as an "investment" does not necessarily mean it is an "investment" in Lawrence

---

record. In any event, the identity of the funds can be ascertained from the committee's records and so, commingling, if it did occur—and it is not clear from the record that there were deposits of nonexempt funds, the $2,000 transfer from Prudential clearly being exempt— would not serve to make the *entire* account amenable to execution. Appanoose County v. Henke, 1929, 207 Iowa 835, 223 N.W. 876; cf. Pentz v. First National Bank, 1920, 75 Pa.Super. 1. Only those funds not given immunity by § 3101 would be subject to execution. The motions now before the Court shall be disposed of without prejudice to a future determination, if counsel cannot agree, as to the true nature of the First National account.

**2.** The statute there involved was § 3 of the Act of August 12, 1935, c. 510, 49 Stat. 607, 609, which was not significantly different from 38 U.S.C. § 3101.

**3.** "Investment of trust funds, unless otherwise provided in the instrument creating the trust, or except under extraordinary conditions set forth fully to the Court, will ordinarily be sanctioned only when made in the obligations meeting the following requirements:

&ast; &ast; &ast; &ast;

"Section II–a. Federal Savings and Loan Associations, Building and Loan Associations, and Savings and Loan Associations. Investment shares, certificates and deposit accounts in said institutions not exceeding $10,000.00 in one institution, * * *."

v. Shaw terms and thus unexempt under 38 U.S.C. § 3101. The inquiry, it seems to the Court, must go further. In re Bowen, 1943, 141 Ohio St. 602, 49 N.E.2d 753, urged by the plaintiff, is therefore not persuasive.

Section 3101 does not speak of "investment". The statute speaks of "any property purchased in part or wholly out of such payments". When Mr. Chief Justice Hughes used the word "investment" in Lawrence v. Shaw, quoted above, he was referring to the Trotter case. The only sentence in Trotter in which the word "investment" appears is the following:

"We see no token of a purpose to extend a like immunity to permanent investments or the fruits of business enterprises." 290 U.S. at page 357, 54 S.Ct. at page 139.

Reading the word "investment" in the light of this statement is quite revealing: an immunity was not to extend to *permanent* investments. As further clarification, the Court said:

" * * * we think it very clear that there was an end to the exemption when they *lost the quality of moneys* and were *converted* into land and buildings." 290 U.S. at page 356, 54 S.Ct. at page 139 (emphasis supplied).

Moneys deposited in a building association by the committee of a veteran have not "lost the quality of moneys", they have not been "converted" into "property".[4]

█ Indeed, in Lawrence bank deposits were held exempt from taxation and after stating that it would be pos-

sible "under a special agreement" for deposits to "assume the character of investments", the Court carefully pointed out "we do not suggest that a mere allowance of interest upon deposits would be enough to destroy an immunity where it would otherwise attach." The important factor would appear to be not an overly legalistic conception of the nature of the bank accounts, but rather the ease with which "the proceeds of the collection are subject to draft upon demand for the veteran's use." 300 U.S. at page 250, 57 S.Ct. at page 445. As a practical matter, a withdrawal from a savings account can be accomplished as quickly as a withdrawal from a checking account—and this is true whether the savings account is in a savings bank, savings and loan, or building association. A checking account is immune; a savings account, likewise, should be. Furthermore, the Congressional purpose to immunize veterans' benefits would indicate that a liberal construction should be given the statutory grant of immunity. See Mixon v. Mixon, 1932, 203 N.C. 566, 166 S.E. 516; Yake v. Yake, 1936, 170 Md. 75, 183 A. 555; cf. Hoeppel v. Westover, D.C.Cal.1948, 79 F.Supp. 794.

█ The plaintiff's motions will be denied with the exception that the amounts in the building association accounts representing interest, $78.63 in Prudential and $791.20 in Columbia, and the amounts in the First National attributable to nonexempt funds, if any, shall be condemned. The defendant's motion to quash the attachments is granted with the above limitations.

Counsel to submit order reflecting the above.

4. That a depositor in a savings and loan or building association may conceptually purchase "shares" in the association and thus be an "owner" rather than a creditor-depositor of the association is a matter of form, which, in the opinion of the Court, should have no bearing on the resolution of the problem here involved— just as the probability that a depositor in a checking account will not receive on demand the specific money deposited, but rather an equal sum of money in like kind, afforded no difficulty to the Court in Williams, supra. And see Elbert Sales Co. v. Granite City Bank, 1937, 55 Ga. App. 835, 192 S.E. 66.