Michael KANE, Appellant,

v.

BURLINGTON SAVINGS BANK, Fulton D. Fields, District Director, Internal Revenue Service, Appellees.

No. 302, Docket 27941.

United States Court of Appeals
Second Circuit.

Argued May 28, 1963.

Decided July 9, 1963.

Geoffrey M. Kalmus, New York City, for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Stephen B. Wolfberg, Attorneys, Department of Justice, Washington, D. C. (Joseph F. Radigan, U. S. Atty., District of Vermont, of counsel), for appellees.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

WATERMAN, Circuit Judge.

Michael Kane appeals from a judgment of the United States District Court for the District of Vermont dismissing his complaint for lack of jurisdiction over the subject matter. Kane sought recovery of $275.91 seized by the District Director of Internal Revenue from plaintiff's savings account in the defendant Burlington Savings Bank. Kane alleged that the seized monies had been received by him as disability insurance benefits under Section 223 of the Social Security Act, 42 U.S.C. § 423, and that, as such, the monies were exempted from levy for collection of taxes under Section 6334(a)(4) of the Internal Revenue Code.

■ Without waiting for responsive pleadings to be filed by the Bank, the district judge dismissed the action on July 10, 1962, on the ground that the amount in controversy was not in excess of $10,000, as is required for a diversity action brought under 28 U.S.C. § 1332. Plaintiff then made an application to join Fulton D. Fields, the District Director of Internal Revenue, as a party defendant. On July 31, 1962 the district court, although granting plaintiff's application to join the District Director, reaffirmed its ruling of dismissal for want of jurisdiction. The district court erred, as the Government now concedes. Jurisdiction over plaintiff's action, when commenced, rested upon 28 U.S.C. § 1340 which contains no jurisdictional amount requirement.[1]

■ The Government contends, however, that the action was properly subject to dismissal for failure to state a claim upon which relief may be granted.

Although the district judge did not rule upon this issue, the Government's contention raises a question of statutory construction which, in the interest of expedition, should be considered on this appeal. Accordingly, we affirm the action of the court below in dismissing plaintiff's complaint, but we do so on the ground that it failed to state a claim upon which relief may be granted.

Section 6334 of the Internal Revenue Code of 1954, 26 U.S.C. § 6334, provides:

"Property exempt from levy

"(a) Enumeration.—There shall be exempt from levy—

\*    \*    \*    \*    \*    \*

"(4) Unemployment benefits.—Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State or Territory, or of the District of Columbia or of the Commonwealth of Puerto Rico.

"(b)    \*    \*    \*

"(c) No other property exempt.—Notwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)."

Appellant maintains that subsection (a)(4) is sufficiently broad to encompass not only traditional unemployment compensation benefits, but also disability insurance payments under the Social Security Act.[2] In support of this contention he advances three major arguments:

---

1. Appellant does not contend on this appeal that his complaint stated a sufficient cause of action against the Burlington Savings Bank, the sole defendant in the original complaint.

2. As an alternative ground of reversal, appellant urges that the monies received by him as disability insurance benefits under 42 U.S.C. § 423 were exempt from tax levy under 42 U.S.C. § 407 which provides that "none of the moneys paid \* \* \* under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process." It is clear, however, that 42 U.S.C. § 423 has been superseded by 26 U.S.C. § 6334(c), supra, enacted in 1954. Contrary to appellant's suggestions, the fact that new substantive benefits, including certain disability insurance benefits of 42 U.S.C. § 423, have been added since 1954 to the chapter covered by 42 U.S.C. § 407 does not revive the operative force of the latter provision.

1. Section 223 of the Social Security Act, under which plaintiff received the monies in dispute defines "disability," for purposes of Disability Insurance Benefit Payments, as

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

Unemployment, thus, is a necessary condition of eligibility for payments under § 223. Moreover, Section 6334(a) (4) of the Internal Revenue Code of 1954 does not condition exemption from levy upon the *causes* of unemployment for which compensation is payable. Section 6334(a) (4) should be read, therefore, to cover benefits payable for unemployment due to disability as well as unemployment benefits payable by reason of adverse economic conditions.

2. Congress has expressly exempted from levy for collection of taxes benefits paid under the Federal Railroad Unemployment Insurance Act, 45 U.S.C. § 352 (e). Under that Act benefits are payable to individuals within its coverage whether their unemployment is due to the unavailability of work or to "physical, mental, psychological, or nervous injury, illness, sickness, or disease." 45 U.S.C. § 351(k). Moreover, several states have provided for compensation payments in the event of unemployment due to disability as part of their state unemployment compensation laws. Such disability payments would, presumably, be exempt from tax levy under 26 U.S.C. § 6334(a) (4). Exemption from levy of Social Security Disability Insurance benefits, therefore, would be consistent with the congressional policy of exempting disability payments paid under cognate compensation schemes.

3. In exempting unemployment benefits from tax levy, Congress evidently believed that persons drawing such benefits were likely to be suffering financial privation and to be unable to afford the further diminution of their income through government seizure. Therefore, no reason exists for so construing the statute as to exempt from levy benefits paid to one unemployed because of economic conditions but to subject to levy similar benefits when paid to a person unemployed because of disability.

Although appellant's arguments might prove persuasive to Congress, they take insufficient account, we believe, of the narrow wording of the statute itself, of the congressional policies underlying § 6334 exemptions generally, and of the legislative history of subsection (a) (4), enacted in 1958.

We turn first to the language of § 6334 (a) (4) which exempts from levy amounts "payable to an individual with respect to his unemployment * * * under an unemployment compensation law of the United States * * *." The fact that the monies here in issue were paid to appellant pursuant to certain provisions of the Social Security Act does not preclude the relief he seeks, for that Act includes provisions for the making of federal grants to the several states for the administration of state unemployment compensation systems, and state unemployment compensation payments are clearly exempt from tax levy. The fact that appellant's funds were received under the Act does not *insure* their exemption from levy, however, because the Act also includes within its provisions the well-known program of federal old age and survivors benefits, which benefits are concededly outside the scope of § 6334(a) (4). Appellant urges that his disability benefits should be analogized to unemployment compensation because, for both, unemployment is a condition of eligibility. The argument is insufficient, however, for the federal old age insurance program, the disability insurance program, and the state unemployment compensation programs are all based upon the underlying fact that old age, disability, and temporary unemployment deprive an individual of the power to earn his own living. As the Supreme Court said in Helvering v. Davis, 301

U.S. 619, 641, 57 S.Ct. 904, 81 L.Ed. 1307 (1937), "But the ill is all one, or at least not greatly different, whether men are thrown out of work because there is no longer work to do or because the disabilities of age make them incapable of doing it."

Rather than viewing federal disability insurance benefits under 42 U.S.C. § 423 as a type of unemployment compensation, we are inclined to view them, in relation to Old Age and Survivors Insurance, as a program to give benefits to persons who have been retired from the labor pool and whose retirement has been brought about prematurely by reason of physical or mental disability.[3] Consistent with this approach is the requirement under § 423 that its benefits be limited to persons whose inability to work is the result of "physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

We turn next to appellant's suggestion that the congressional policy implicit in the exemption provisions of § 6334 requires that subsection (a) (4) be read with sufficient breadth to cover federal disability insurance benefits.

It is clear, as appellant contends, that humanitarian considerations underlie the § 6334 exemptions from tax levy granted by Congress. It is equally clear that until the 1958 amendment, at least, Congress chose to effectuate these considerations by § 6334 exemptions based not on the *source* of assets in the hands of the taxpayer, but on the *nature of the property* sought to be seized. Subsection (a) (1), thus, exempts from levy wearing apparel and school books, subsection (a) (2), fuel, provisions, furniture, and personal effects not exceeding $500 in value, and subsection (a) (3), books and tools of the trade not exceeding $250 in value.

Appellant's argument proves too much, therefore. The gain to the Treasury of such small amounts as can be seized from the unemployed by reason of disability is, indeed, likely to be outweighed by the hardship imposed upon them as a consequence of levy upon their benefits. The same may be said, however, of old age and survivors benefits under the Social Security Act or of relief payments under state welfare laws, yet both of the latter are concededly subject to seizure unless they have been used by the taxpayer to purchase *commodities* exempt under § 6334(a) (1) to (a) (3). No such exemption can be claimed by appellant in this case, for the District Director's levy was upon monies found in appellant's savings account in the Burlington Savings Bank.

Section 6334(a) (4) departs, of course, from this statutory pattern by exempting assets at, or by virtue of, their source in unemployment compensation agencies. The legislative history of the subsection, however, to which we now turn, lends no support to the suggestion that Congress, dissatisfied with the pattern of use or commodity exemptions, has sought to exempt from levy all governmental welfare or insurance benefits which are customarily received only by persons suffering economic privation.

Prior to enactment of the Internal Revenue Code of 1954, Congress had granted immunity from levy to old age and survivors insurance benefits paid under the Social Security Act, 42 U.S.C. § 407 (1952). Although the Act made no express provision for exemption of unemployment compensation benefits, the Commissioner of Internal Revenue ruled, Rev. Rul. 54–171, 1954–1 Cum.Bull. 282, that state unemployment compensation commissions should be exempt from notices of levy on the ground that funds in ap-

---

3. Disability benefits were first added to the Old Age and Survivors insurance program in 1956 by the Social Security Amendments of that year. 70 Stat. 807, § 103 (a). As the House Committee which initiated the legislation explained, H.Rep. No. 1189, 84th Cong., 1st Sess., p. 3:

" * * * retirement protection for the 70 million workers under old-age and survivors insurance is incomplete because it does not now provide a lower retirement age for those who are demonstrably retired by reason of a permanent and total disability."

proved state plans were, by federal statute, to be paid out by the states solely for unemployment compensation. Similar exemptions from levy were granted, *inter alia*, to benefits under the Railroad Unemployment Insurance Act, 45 U.S.C. § 352(e) (1952), the Railroad Retirement Act, 45 U.S.C. § 228*l* (1952), and the Civil Service Retirement Act, 5 U.S.C. § 729 (1952).*

This jigsaw pattern of particular exemptions from tax levy was eliminated by Congress in the Internal Revenue Code of 1954. While retaining the exemptions from levy upon specified types of property under § 6334(a), Congress added the previously quoted pre-emptive subsection (c):

> "No other property exempt.—Notwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than property specifically made exempt by subsection (a)."

Although the legislative history of the 1954 Code sheds no light on the purposes underlying this provision, its *effect* was to eliminate all previously-enacted exemptions based upon *source*, leaving in their place only the property-type exemptions of § 6334(a).

The consistency of the scheme of exemptions from levy under the 1954 Code did not long remain, however. In 1955 the Railroad Retirement Act and the Railroad Unemployment Insurance Act were amended to restore the prior exemption of their benefits from tax levy. 45 U.S.C. § 228*l* (1958); 45 U.S.C. § 352(e) (1958). Although no similar restoration of exemption for Social Security Old Age and Survivors benefits was made, in 1958 the Interstate Conference of Employment Security Agencies sought restoration of the exemption from benefits payable under state unemployment compensation plans. In House and Senate Committee hearings, Conference representatives stated that, since enactment of the *Internal Revenue Code of 1954*, levies had repeatedly been made upon their state unemployment compensation agencies for amounts payable as unemployment compensation to named individuals. They urged that express provision be made to preclude levies by this "easiest method of collection" upon state agencies.[4]

In direct response to these requests, Congress enacted subsection (a) (4) of 26 U.S.C. § 6334 in 1958. The provision included the very language urged by the Interstate Conference of Employment Security Agencies, exempting from levy "Any amount payable to an individual with respect to his unemployment * * under an unemployment compensation law * * *."[5] Federal, as well as state, unemployment compensation laws were included, but at the legislative hearings no reference was made of a possibility of exempting benefits awarded under the federal disability insurance plan, for it, of course, was a separate program of no concern to the Conference of State Unemployment Compensation Commissioners.

As neither the language of § 6334(a) (4), the congressional policy underlying its enactment, nor the legislative history of the provision, gives support to appellant's contention that federal disability insurance benefits are exempt from tax levy, the judgment of the district court dismissing appellant's complaint is

---

* Now 5 U.S.C.A. § 2265.

4. See Senate Hearings, Aug. 8, 11, 12 and 13, 1958, on H.R. 13549, pp. 87, 170–179; House Hearings on All Titles of the Social Security Act, June 16, 20, 23–27, 30, 1958, pp. 411–414; Hearings before a Subcommittee of the House Committee on Government Operations, 85th Cong., 2d Sess., June 24, 26, 27, 1958, pp. 1–50.

5. As an alternative ground for affirming the dismissal of appellant's complaint on the merits, appellee maintains that the exemption from tax levy granted by 26 U.S.C. § 6334(a) (4) extends, by its terms only to benefits *payable*, and not to those already *paid*, under federal or state unemployment compensation laws. Because of our favorable decision upon appellee's other ground of affirmance, we do not reach, and expressly reserve decision upon, this contention of the District Director.

affirmed for failure of the complaint to state a claim upon which relief may be granted.

We are indebted to Geoffrey M. Kalmus, Esq., of the New York Bar, who, at our request after the district court declined to issue a certificate of probable cause, represented appellant most ably in this *in forma pauperis* appeal.