Fredyma v. IRS                    CV-96-477-SD 01/06/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Jack T. Fredyma

          v.                          Civil No. 96-477-SD

United States of America;
Department of the Treasury,
Internal Revenue Service;
Lake Sunapee Bank

O R D E R

Plaintiff Jack Fredyma initiated the present case to challenge the Internal Revenue Service's (IRS) levy upon his bank account. Fredyma claims that the IRS levied funds that were exempt from levy under 26 U.S.C. § 6334(a)(7). Presently before the court is the motion of defendant United States to dismiss claiming that the court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity and, in the alternative, that Fredyma's complaint fails to state a claim upon which relief can be granted. Also before the court is a motion by defendant Lake Sunapee Bank (formerly Landmark Bank) (hereinafter "Bank").

Background

Fredyma was discharged from his position as a chemical engineer after he developed multiple chemical sensitivity. After

becoming unemployed, Fredyma withdrew money from his 401K, thus incurring tax liability for 1988, which he failed to pay. Apparently, Fredyma did not pay his taxes again until after 1993. Fredyma's complaint does not challenge the IRS's assessment of taxes for this period.

In March 1995, Fredyma received settlement of two claims against his former employer under Massachusetts workers' compensation law in the amounts of $6,000.00 and $93,653.76. Fredyma deposited $96,000.00 from his settlement in a joint account he had opened with his mother at the Landmark Bank in Lebanon, New Hampshire. The account listed Marie-Louise Fredyma as the taxpayer of record and Jack Fredyma as the beneficiary.

On November 6, 1995, the Landmark Bank received a notice of levy upon Fredyma's account in the amount of $13,483.69. The bank, however, did not honor the levy because the accounts were listed under Marie-Louise Fredyma's name. In April 1996, Fredyma received notice from the bank that the IRS had placed a levy on the account in the amount of $14,193.87. On May 9, 1996,[1] the bank withdrew $9,338.00 from Fredyma's account and sent the money to the IRS.

Fredyma filed various administrative complaints seeking return of the levied funds and cessation of the IRS's collection

---

[1]Although Fredyma's claim states that the money was removed on May 9, 1995, the court assumes that this occurred in 1996 because the transfer was apparently in response to the levy notice received in April 1996.

activities. The IRS denied Fredyma's requests. Fredyma subsequently filed this case alleging wrongful levy in violation of 26 U.S.C. § 6331 (Count I); reckless and intentional violation of 26 U.S.C. § 6334 (Count II); violation of IRS policies and procedures (Count III); deprivation of due process rights (Count IV); and wrongful levy by the bank in violation of state common law (Count V).

<u>Discussion</u>

## I. Standard for Dismissal

### a. Rule 12(b)(1) Standard

"When faced with a motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), Fed. R. Civ. P., the party asserting jurisdiction has the burden to establish by competent proof that jurisdiction exists." <u>Stone v. Dartmouth College</u>, 682 F. Supp. 106, 107 (D.N.H. 1988) (citing <u>O'Toole v. Arlington Trust Co.</u>, 681 F.2d 94, 98 (1st Cir. 1982); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350, at 555 (1969 & Supp. 1987)).

In determining whether it is vested with the jurisdiction to hear a case, the court construes the allegations of the complaint in the plaintiff's favor. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). The court may also consider evidence outside the pleadings without converting a motion to dismiss under Rule

12(b)(1) into one for summary judgment.  <u>Richmond, Fredericksburg</u> <u>& Potomac R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991), <u>cert. denied</u>, 503 U.S. 984, (1992); <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990).

### b.  Rule 12(b)(6) Standard

When a court is presented with a motion to dismiss filed under Rule 12(b)(6), Fed. R. Civ. P., "its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  <u>Scheuer</u> <u>supra</u>, 416 U.S. at 236.

To resolve defendants' Rule 12(b)(6) motion, the court must "take the well-pleaded facts as they appear in the complaint, extending plaintiff every reasonable inference in his favor." <u>Pihl v. Massachusetts Dep't of Educ.</u>, 9 F.3d 184, 187 (1st Cir. 1993) (citing <u>Coyne v. City of Somerville</u>, 972 F.2d 440, 442-43 (1st Cir. 1992)).  The court may properly dismiss a claim under Rule 12(b)(6) "'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'"  <u>Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.</u>, 958 F.2d 15, 17 (1st Cir. 1992) (quoting <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 52 (1st Cir. 1990)).

4

## II. Sovereign Immunity

"It is elemental that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). A waiver of sovereign immunity must be stated explicitly rather than implied. See id. Thus, in order to find a waiver of sovereign immunity, the court must be presented with an Act of Congress providing a cause of action against the government. Although 28 U.S.C. § 1340 provides the district courts with jurisdiction over "any civil action under any Act of Congress providing for internal revenue," it does not itself provide a cause of action. Fredyma cannot base his suit upon section 1340, but must state a claim under a statute that provides an explicit waiver of sovereign immunity.

Count IV of Fredyma's complaint, which attempts to state a claim under 42 U.S.C. § 1983, clearly does not provide a cause of action against the federal government. See Chatman v. Hernandez, 805 F.2d 453, 455 (1st Cir. 1986); Stonecipher v. Bray, 653 F.2d 398, 401 (9th Cir. 1981) ("no cause of action against the IRS under section 1983 because the IRS is a federal agency and its agents performed no acts under color of state law"), cert. denied, 454 U.S. 1145 (1982). Fredyma, however, argues that

Count IV of his complaint properly states a claim for damages under the Bivens doctrine. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 396-97 (1971); G.M. Leasing Corp. v. United States, 429 U.S. 338, 360 (1977). The Bivens doctrine, however, does not provide a waiver of the government's sovereign immunity, but allows suits against individual agents or employees. See American Assoc. of Commodity Traders v. Department of Treasury, 598 F.2d 1233, 1235 (1st Cir. 1979). Furthermore, even when the individual agents are parties to the suit, courts have been reluctant to extend Bivens remedies to tax cases given the remedies made available by Congress. See McMillen v. Department of Treasury, 960 F.2d 187, 190 (1st Cir. 1991) ("We doubt that the creation of a Bivens type remedy would be an appropriate response. 'Congress has given taxpayers all sorts of rights against an overzealous officialdom.' Cameron v. Internal Revenue Service 773 F.2d [126, 129 (7th Cir. 1985)].")

One source of waiver of sovereign immunity is the exceptions to the Anti-Injunction Act, 26 U.S.C. § 7421 (a) (1994). That Act specifically prohibits suits seeking to enjoin the assessment or collection of taxes. Thus Fredyma's requests for injunctive relief can only proceed if they fit within one of the narrow exceptions to the Anti-Injunction Act. Section 6213 of the Internal Revenue Code allows the court to enjoin the IRS when the IRS begins collection procedures before notifying the

taxpayer of his or her deficiency and allowing the taxpayer ninety days to challenge the deficiency. Id. § 6213. The gravamen of Fredyma's complaint, however, is not that the levy violated these procedural requirements, but that the IRS levied upon exempt property. Taxpayers may also receive injunctive relief under 26 U.S.C. § 2410 (1994). Section 2410 permits the United States to be named as a defendant in an action to quiet title. An action under this section is appropriate when the United States has a lien on property. When, as here, funds have been transferred to the United States, there is no basis for an action to quiet title. See, e.g., Harrell v. United States, 13 F.3d 232, 234 (7th Cir. 1993) (quiet title "act is inapplicable . . . to . . . wages that have already been paid over to the Internal Revenue Service"); Farr v. United States, 990 F.2d 451, 453 (9th Cir.) ("as to amounts that have already come into the hands of the IRS, no quiet title action will lie"), cert. denied, 510 U.S. 1023 (1993). Thus, Fredyma cannot pursue his claim for injunctive relief.

Another waiver of sovereign immunity can be found in section 7433 of the Internal Revenue Code, which allows damages to be recovered from the government in limited circumstances. This section, known as the "Taxpayer's Bill of Rights," allows taxpayers to recover damages when an IRS employee "recklessly or intentionally disregards any provision of this title" during

7

collection activities. 26 U.S.C. § 7433. To make out a claim under section 7433, the taxpayer must allege violation of the Internal Revenue Code itself, rather than violation of procedures provided by IRS policies. Because Count III of Fredyma's complaint alleges violation of IRS policies, this count does not make out a claim under section 7433. See Gonsalves v. IRS, 975 F.2d 13, 16 (1st Cir. 1992). However, because Count II alleges that the IRS violated a specific section of the code when it levied his account, Fredyma has stated a claim under section 7433.

Thus Count II of Fredyma's complaint, which alleges a cause of action under section 7433, is the only claim to which the United States has waived its sovereign immunity.

### III.  Merits of Section 7433 Claim

The United States argues that Fredyma's claim under section 7433 must be dismissed under Rule 12(b)(6) because money in a bank account cannot be exempt from levy under section 6334(a)(7), which provides that "any amount payable to an individual as workmen's compensation" is exempt from levy by the IRS. 26 U.S.C. § 6334(a)(7). Fredyma argues that the exemption applies to both funds payable and those that have already been paid.

Thus, the court is faced with a question of statutory interpretation.[2]

The plain meaning of the word "payable" is an amount to be paid or capable of being paid.  Thus, payable does not include money that has already been paid.  In several similar provisions Congress has referred to funds payable and paid, supporting the notion that when Congress used the word "payable" it intended to exclude funds already paid.[3]  Indeed, the Internal Revenue Code's minimum wage exemption refers to "any amount payable to or received by an individual as wages. . . ."  26 U.S.C. § 6334(a)(10).  Given the straightforward meaning of the language used, the court is not at liberty to rewrite the statute by holding that Congress must have intended something other than what it said.  See One Nat'l Bank v. Antonellis, 80 F.3d 606, 615 (1st Cir. 1996) ("It is a basic tenet of statutory interpretation

_____

[2]There appears to be no case law addressing this issue.  The two courts faced with the argument that benefits are not exempt once paid based their holdings on alternative grounds and explicitly declined to address the issue.  See In the Matter of Sills, 82 F.3d 111, 113 (5th Cir. 1995); Kane v. Burlington Sav. Bank, 320 F.2d 545, 549 n. 5 (2d Cir.), cert. denied, 375 U.S. 912 (1963).

[3]For instance, 42 U.S.C. § 407(a), which shields social security benefits from creditors, provides that "none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process . . . ."  Similarly, 42 U.S.C. § 1717 protects War Hazard Compensation benefits by stating, "none of the moneys paid or payable . . . shall be subject to execution, levy, attachment, garnishment, or other legal process . . . ."

that where the plain language of a statute is clear, it governs.").

III. Claim Against Bank

Because the court has now held that the levy on Fredyma's account was not wrongful, Bank's motion for summary judgment must be and herewith is granted.

Conclusion

For the abovementioned reasons, both the United States' motion to dismiss (document no. 17) and Bank's motion for summary judgment (document no. 5) are granted. All other pending motions are considered moot. The clerk shall enter judgment accordingly.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 6, 1998

cc:   Jack T. Fredyma, pro se
      T. David Plourde, Esq.
      Charles J. Cannon, Esq.
      Edward B. Mulligan IV, Esq.

10